**Lawrence J. SLUSHER, Appellant,**

v.

**James E. SCHAFFNER, Director of Revenue, State of Missouri, Respondent.**

**No. KCD 26120.**

Missouri Court of Appeals,
Kansas City District.

May 3, 1973.

James R. Wyrsch, Koenigsdorf, Kaplan, Kraft, Fox & Kusnetzky, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Mark D. Mittleman, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and SWOFFORD, JJ.

SWOFFORD, Judge.

On September 1, 1971, an off-duty member of the Raytown Missouri Police Department observed the appellant driving his automobile at night without lights and with a flat tire. He arrested appellant and took him to the police station where he was charged with six traffic offenses, including the charge of driving a motor vehicle while under the influence of intoxicating liquor. At the police station, the breatha-

lyzer machine was prepared for use and the machine's functions were explained to appellant. He was warned that refusal to take the breathalyzer test could result in a revocation of his driver's license by the Director of Revenue, Section 564.444 RSMo 1969, V.A.M.S. The appellant did not take the test and the Director of Revenue suspended his driver's license for a period of one year effective October 7, 1971, Section 564.444 RSMo 1969, V.A.M.S.

On October 5, 1971, appellant filed his petition in the court below for review of the revocation order and for injunction, and on that date the court below issued a show cause order directed to the respondent and set the hearing for November 12, 1971. Such hearing was continued on two occasions and was held on December 3, 1971, on which date the court below entered a judgment against the plaintiff and affirmed the order of revocation.

On December 15, 1971, the appellant filed his motion for new trial, and on that same date the court below overruled said motion. By reason of such order, appellant's notice of appeal became due under Rule 82.04 (now Rule 81.04), on December 31, 1971. He did not file said notice of appeal, however, until January 13, 1972, in the Supreme Court of Missouri, which court dismissed the appeal on February 22, 1972 upon the ground of lack of timely notice.

On March 2, 1972, this court permitted appellant to appeal here by special order under Rule 82.07(a) (now Rule 81.07(a)). In accordance with said special order, the appellant on March 6, 1972 filed his notice of appeal in this court, stating that he appealed "from judgment and order overruling plaintiff's motion for new trial" entered on December 15, 1971.

Thereafter, at the request of appellant for extension of time to file his brief, it was twice extended and on April 5, 1973 this case was docketed for argument and was submitted on briefs.

On April 6, 1973, the record before us indicates that the Director of Revenue's office changed the date of revocation of the appellant's driver's license from October 7, 1971 to December 3, 1971, the date upon which the judgment in the court below was entered.

The appellant failed to properly raise in the court below or here any constitutional questions or properly preserve any claim that his constitutional rights had been violated.

■ It is settled law that no appeal can be taken from an order overruling his motion for a new trial, but only from the final judgment of which he complains entered in the court below. Sections 512.020, 512.050 RSMo 1969, V.A.M.S.; Clark v. Dubbs, 360 S.W.2d 288 (Mo.App.1962); Mills v. Berry, 395 S.W.2d 228, 231 (Mo. App.1965); City of Joplin v. Joplin Water Works Co., 386 S.W.2d 369, 370 (Mo. 1965); World Franchisers, Inc. v. Birk, 456 S.W.2d 606, 607 (Mo.App.1970). However, our appellate courts have shown a reluctant indulgence to parties who evidence a good faith intention that the appeal was intended to be from the final judgment and not the order overruling the motion for a new trial. No such showing of intention is before us.

Here, we are also confronted with the fundamental jurisdictional problem that the question presented to us is moot. The only relief sought by the appellant either in the court below or here was to set aside the order of the Director of Revenue revoking his driver's license effective October 7, 1971, and later made to be effective on December 3, 1971.

■ It is thus apparent that the effect of such revocation order ceased by lapse of time and the appellant's driver's license was subject to automatic reinstatement on December 3, 1972, Section 302.309(1) RSMo 1969, V.A.M.S., almost four months prior to the date this case was set for argument and submitted on briefs for deter-

mination by this court. The issues presented are moot. Pollard v. David, 421 S.W.2d 296 (Mo.Sup.1967); In re Johnson, 440 S.W.2d 495 (Mo.App.1969).

We have, however, carefully examined the record and briefs, and we are persuaded that the finding and judgment of the court below could not be set aside by this court in any event as "clearly erroneous" under Rule 73.01(d).

For the reason that the matter before us is moot, the appeal herein is dismissed.

All concur.