Ted H. GOTHARD, Plaintiff-Appellant,

v.

James SPRADLING, Director, Missouri Department of Revenue, Leevirt H. Williams, Supervisor, Bureau of Driver's License, Defendants-Respondents.

No. 10939.

Missouri Court of Appeals, Southern District, En Banc.

Aug. 24, 1979.

Samuel J. Short, Jr., Stockton, for plaintiff-appellant.

Dennis D. Reaves, Stockton, for defendants-respondents.

PREWITT, Judge.

Plaintiff appeals from a ruling of the trial court denying his petition to prevent the Director of Revenue from enforcing a one year revocation of his privilege of operating a motor vehicle for refusal to submit

to a chemical test pursuant to § 564.444 RSMo 1969 [1] (now § 577.050).

On February 28, 1976, plaintiff was arrested in Stockton, Missouri and charged with operating a motor vehicle while intoxicated. On March 17, 1976, the Director of Revenue notified plaintiff that his privilege of operating a motor vehicle in Missouri would be revoked for one year, effective April 4, 1976, for refusal to submit to a chemical test as provided in § 564.444. Plaintiff, on March 23, 1976, filed a "Petition and Application for Restraining Order" and on the 24th day of March, 1976, the circuit court ordered defendants to "cease and desist from enforcement of said order . . . until the further order of this court". Hearing was held on July 22, 1977. Afterwards a premature appeal to this court was dismissed. *Gothard v. Spradling*, 561 S.W.2d 448 (Mo.App.1978). A judgment was entered against plaintiff on February 6, 1978.

The sufficiency of the evidence to support the trial judge's ruling is not questioned and no purpose would be served in setting forth the evidence. It was ample to support the Director of Revenue and the trial judge's findings.

Plaintiff makes two contentions of error: (1) That the trial court erred in overruling plaintiff's motion to declare defendant Director of Revenue in default for failure to file a responsive pleading; and (2) that the trial court erred in overruling plaintiff's motion to dismiss the proceedings as moot. No brief was filed by defendants nor argument in their behalf.

For his first point, plaintiff argues that this is not an action under § 564.444; that the ordinary Rules of Civil Procedure apply, and defendant Director was in default because no responsive pleading was filed. Plaintiff's "Petition and Application for Restraining Order" appears to be a petition for review as provided in § 564.444, together with a request for a stay of the order of revocation. In his motion for new trial and brief plaintiff contends this is a suit for an injunction. The petition does not use the word "injunction" and it does not contain standard allegations for injunctive relief such as no adequate remedy at law being available. Paragraph 9 states "pursuant to paragraph 2 of § 564.444, plaintiff is entitled to a hearing before a court of record in the county of which his alleged arrest occurred". In the "Wherefore" clause he asks for the exact relief provided in subsection 2 of § 564.444, and for a stay pending the court's "hearing".

■ Our belief that this petition was for review as provided in § 564.444 is fortified by our finding that the procedure described in § 564.444 is exclusive. Where the legislature is authorized to, and provides a method for review, failure to follow that procedure is jurisdictional. *Randles v. Schaffner*, 485 S.W.2d 1, 3 (Mo.1972). The General Assembly may very properly provide for specific review procedures in particular cases. *Blydenburg v. David*, 413 S.W.2d 284, 291 (Mo. banc 1967). The right of review is constitutional, but where the statute provides the remedy and the procedure to be followed, it must be complied with. *State ex rel. State Tax Commission v. Luten*, 459 S.W.2d 375 (Mo. banc 1970); *State v. Stanton*, 311 S.W.2d 137, 140 (Mo. App.1958). When a statute provides a special type of review it is exclusive so as to preclude the use of any other or nonstatutory method. *American Hog Company v. County of Clinton*, 495 S.W.2d 123, 127 (Mo. App.1973).

■ The request and issuance of a stay or restraining order does not convert the petition from the statutory procedure to some other form of action. In *Bolling v. Schaffner*, 488 S.W.2d 212, 216 (Mo.App. 1972) it was conceded that a cease and desist order could be issued pursuant to § 536.120 before a hearing as provided in § 564.444. We need not decide whether § 536.120 does apply here, as absent § 564.-444 prohibiting a stay, the trial court would have inherent power to issue a stay where the circumstances warranted. 73 C.J.S.

---

1. All references to statutes are to RSMo 1969.

Public Adm. Bodies and Proc. § 180–81, pp. 526, 527. In determining if a stay is issued, the court should recognize that the purpose of § 564.444 is to protect the safety of those using the highways of Missouri, and to punish those guilty of driving while intoxicated. *Bolling v. Schaffner*, supra, 488 S.W.2d at 217. Whether the present order was a temporary restraining order or a stay makes no difference as they are generally considered the same. See *Perseverance Common School District No. 90 v. Honey*, 367 S.W.2d 243, 246–247 (Mo.App.1963).

■ Rule 100.08, V.A.M.R., among other provisions, provides for review by injunction in uncontested cases. This right is limited to situations where "there is no other provision for judicial inquiry into or review of such decision". This was an "uncontested case", that is, a case where the officer acted without having a hearing or making a record. *Kopper Kettle Restaurants, Inc. v. City of St. Robert*, 439 S.W.2d 1, 4 (Mo.App.1969). As § 564.444 provides a method for review, Rule 100.08 has no application here.

■ Subsection 4 of § 564.444 provides that requests for review shall go to the head of the docket. If other methods of review are used the proceedings may be delayed and thwart the intentions of the legislature in removing persons who drive intoxicated from the roads and in promptly punishing them. We hold that the procedure set forth in § 564.444 is exclusive and requires no answer or responsive pleading. The issues are made up by the request for hearing and subsection 2 of that section which provides that the judge shall determine only: (1) whether or not the person was arrested; (2) whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and (3) whether or not the person refused to submit to the test.

■ Even if other remedies were available there would be no error in the court's ruling. Plaintiff's brief acknowledges that the record does not disclose service upon defendants. Mailing a copy of the petition to the prosecuting attorney would not be service upon defendants in ordinary actions. Such service is only valid upon an attorney of record. Rule 43.01(b), V.A.M.R. Service of initial process cannot ordinarily be made upon an attorney. *McPike Drug Co. v. Wilson*, 237 S.W. 1044 (Mo.App.1922); 7 Am.Jur.2d, Attorney at Law, § 120, p. 119. Also see *Bradley v. Welch*, 100 Mo. 258, 12 S.W. 911 (1890). A motion for defendants was filed by the prosecuting attorney some 110 days after plaintiff's petition. The motion was denominated "Motion to dissolve restraining order and dismiss petition and application for restraining order". It was never ruled upon. Even if the general Civil Rules had applied, plaintiff cannot complain of any default where defendants were not served and had a motion pending at the time plaintiff moved for judgment. Plaintiff's first point is without merit and is denied.

■ Plaintiff secondly contends that the Director's order of revocation expired while the matter was pending in the Circuit Court, and further proceedings would be moot. Plaintiff relies upon *Pollard v. David*, 421 S.W.2d 296 (Mo.1967) and *Personal Finance Co. of Missouri v. Day*, 349 Mo. 1139, 164 S.W.2d 273 (1942). Neither case has any application here. In *Pollard* there was no stay, and the revocation had been suffered. In *Personal Finance Co. of Missouri* the requirements of the contract were fulfilled by an injunction, that is, the employee was enjoined from entering into competing employment for a period of one year. Here the revocation was not started because of the court's order. Other cases holding such proceedings moot are those where no stay or cease and desist order were issued. See *Slusher v. Schaffner*, 495 S.W.2d 135 (Mo.App.1973) and *In Re Johnson*, 440 S.W.2d 495 (Mo.App.1969).

*Bolling v. Schaffner*, supra, 488 S.W.2d at 216 held that the trial court was warranted, where a stay had been granted, in making the revocation effective for one year from the date of judgment rather than the date of the Director's revocation. In the present

case the initial court order required that defendants cease and desist from enforcement of the revocation until further order of the court. The court's further order found against plaintiff on each ground required by the statute and dissolved the initial order. The effect of a trial court granting a stay under § 564.444 has been previously ruled by this court. *In Re Green*, 511 S.W.2d 129, 135 (Mo.App.1974) states:

"Hence, upon dissolution of that stay by this court, the Director of Revenue will be free to proceed with such revocation by the issuance of an order revoking appellant's privilege of operating a motor vehicle in the State of Missouri for a period of one year from and after the effective date stated in the order."

The stay or restraining order did not eliminate the revocation, but merely delayed it. The matter was not moot and the Director of Revenue, following the court's determination was authorized to set a new period of revocation.

The judgment is affirmed.

All concur.