Berry IJAMES, Appellant,

v.

DIRECTOR OF REVENUE,
Respondent.

No. 49012.

Missouri Court of Appeals,
Eastern District,
Division Six.

Oct. 8, 1985.

L. Richard Brinkman, Jr., Gumersell, Denk & Brinkman, Arnold, for appellant.

William L. Webster, Atty. Gen., Melodie A. Powell, Asst. Atty. Gen., Jefferson City, and Marilyn Ruemmler, Asst. Pros. Atty., Hillsboro, for respondent.

CRIST, Presiding Judge.

Appeal from the decree of the Circuit Court upholding the revocation of appellant's driver's license pursuant to § 577.041 RSMo (Cum Supp.1984), the Refusal of Chemical Test Statute. We affirm.

Error is asserted in the trial court's ruling appellant had the burden of proof concerning the propriety of the revocation, and requiring him to present evidence first. The burden of proof was not on appellant. *Postlewait v. Missouri Dept. of Revenue*, 643 S.W.2d 314, 316 (Mo.App. 1982). However, appellant failed to object to this procedure, thereby failing to preserve any claim of error for review. *Collins v. Director of Revenue*, 691 S.W.2d

246, 252–53 (Mo. banc 1985). He volunteered to present evidence first. Finally, appellant does not show, and we cannot discern, any prejudice to him from this procedure. Without actual harm, appellant is entitled to no relief. *State v. Armstrong,* 605 S.W.2d 526, 530 (Mo.App.1980).

Appellant asserts his driver's license should be restored because he was not lawfully arrested by reason of entrapment, and therefore, the statute could not be applied to him. The evidence presented established on January 30, 1984, police were called to a disturbance on the parking lot of a South St. Louis County restaurant. Some officers, notified of the fact some of the people involved in the incident were possibly intoxicated and driving a Lincoln, watched the restaurant. They saw a Lincoln exit the restaurant, and observed it proceed erratically. They then stopped the car. The driver, appellant's wife, was arrested for driving while intoxicated (DWI).

Appellant was the only passenger in the car. The officer believed he was intoxicated, but only warned him not to drive. One officer testified appellant's wife refused the offer of a tow truck but this was denied by her at the hearing. The car was moved onto the shoulder of Baumgartner Road, where the stop had occurred. Appellant was left in the car.

The officer left the scene, and drove to a location about a mile away where he could observe appellant's car. After a period of time, he saw the car start up and drive away in an erratic manner. He gave chase, and stopped the car after it turned onto Lemay Ferry Road. Appellant was driving. After administration of field sobriety tests, he was arrested for DWI, and transported to the police station, where he refused to take the Chemical Test. His license was thereafter revoked.

■ Assuming arguendo the defense of entrapment is applicable in a civil revocation proceeding under § 577.041 RSMo (Cum Supp.1984), appellant has not established this defense. The evidence establishes the actions of the police, who apparently expected a person they considered to be obviously inebriated to exercise judgment at least as sound as sober, on-duty police officers, were at best contemptible. This conduct does not promote the removal of intoxicated drivers from the highways, which is the purpose of the statute. *See Collins,* 691 S.W.2d at 250.

■ To prove he was entrapped, appellant needed to "show both an inducement to engage in unlawful conduct and an absence of willingness to engage in such conduct." *State v. Jenkins,* 674 S.W.2d 93, 95 (Mo.App.1984). Inducement is clearly shown. Appellant was left alone, in the car, on the shoulder of a two lane road, in a wooded area without commercial or residential development, sidewalks, or available public telephone.

However, appellant's prior willingness to engage in unlawful conduct is also clearly shown. He voluntarily drank to the point of intoxication. No encouragement to drink was required or performed. Under these circumstances, we find no entrapment. *See Turnham v. State,* 491 S.W.2d 898, 900 (Tex.Crim.App., 1973).

Judgment affirmed.

CRANDALL and KAROHL, JJ., concur.