**Theodore Daniel HEDRICK, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. WD 45436.**

Missouri Court of Appeals, Western District.

Aug. 4, 1992.

Before LOWENSTEIN, C.J., and BERREY and SMART, JJ.

LOWENSTEIN, Chief Judge.

 This case involves a court hearing under § 577.041.2 & 3, RSMo 1986, for the respondent driver's refusal to submit to a chemical test. Section 577.041.2 requires the judge to determine only the following:

(1) Whether or not the person was arrested;

(2) Whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and

(3) Whether or not the person refused to submit to the test.

Section 577.041.3 then states that "[i]f the judge determines any issue may not be in the affirmative, he shall order the director to reinstate the license or permit to drive." Otherwise, failure to take the test, if the officer has reasonable grounds to believe the person was driving in an intoxicated condition, results in an administrative revocation of the driver's license for a year, under § 577.041.1. Revocation proceedings are administrative and civil in nature. *Eckhoff v. Director of Revenue*, 745 S.W.2d 815, 817 (Mo.App.1988).

Officer Herring of the Lee's Summit Police Department observed the respondent's car enter 470 Highway at a high rate of speed and then cut between several cars. The officer also noticed the Hedrick car weave and cross the center line; when he stopped the respondent he smelled a strong odor of alcohol, found Hedrick's eyes to be watery and observed an open beer can. The officer had him perform a series of five separate field sobriety tests, three of which Hedrick failed. The officer felt Hedrick's driving ability was impaired and was told by Hedrick he had had "two drinks." Herring explained the implied consent law for driving while intoxicated, but the respondent refused to take the test, after being read his rights and told the consequences of his failure to submit to the chemical test. That report was admitted in evidence.

Theodore D. Hedrick, pro se.

William L. Webster, Atty. Gen., Waylene Wilhoit Hiles, Sp. Asst. Atty. Gen., Dept. of Revenue, Jefferson City, for respondent.

At trial, Hedrick admitted being stopped after having three or four beers. Hedrick was told he "was being arrested for DWI," and that if he didn't take the test "I'd lose my license for a year." Without making findings, the trial court issued an order requiring reinstatement, "having determined the issues specified in § 577.041, RSMo, not to be in the affirmative." Hedrick has not filed a brief to the Director's appeal.

■ The judgment will be reversed. The uncontradicted evidence and the driver's testimony showed there was an arrest, the driver testified that he had been drinking, the officer's uncontradicted testimony was that the driver exhibited signs of being intoxicated, and it was uncontradicted that the driver refused to take the chemical test.

■ The only issues before the trial court could have been whether there were reasonable grounds for the officer's belief that Hedrick was driving while intoxicated and whether the officer's testimony, though uncontradicted, was not credible. Implicit in the trial court's reinstatement is that there were no reasonable grounds for Herring's belief and that Herring was not credible. Deference to the trial court's findings "is only required where the evidence is contested," and where, "the case is virtually one of admitted facts or where the evidence is not in conflict, no such deference is required." *State v. Hanners*, 827 S.W.2d 273, 274 (Mo.App.1992); *Cushman v. Mutton Hollow Land Dev., Inc.*, 782 S.W.2d 150 (Mo.App.1990).

The following testimony of the driver Hedrick does not directly contradict the officer's testimony as to the reasons the Hedrick car was stopped:

Q. The officer testified that you were weaving back and forth between lanes. Do you recall that?

A. No. I—I thought I was driving pretty straight, really, until this car came up right on me and I signaled and went to the other lane, and the lights came on and he pulled me over. And that was, I guess, my changing lanes. I don't know. But I—Like I say, I mean, this car was right on my rear end, and I was kind of freaking out because this—you know, I didn't know if he was going to run into me or what. I just changed lanes to get out of his way.

A. I don't—

Q. Did that happen?

A. Not to my recol—Not to my knowledge. I don't—I don't remember that at all. I don't remember even coming close to getting in an accident.

Q. Ted, at that point after the officer had taken you through these tests out there, do you recall him asking you to accompany him back to the station and to take that test?

The evidence on the element of the grounds for the stop "has been determined sufficient to support a verdict in similar cases," *State v. Wheeler*, 764 S.W.2d 523, 524–25 (Mo.App.1989). As in *Nuyt v. Director of Revenue*, 814 S.W.2d 690, 692 (Mo.App.1991), there is no controversy here about why the test was sought or what were the consequences to the driver for refusal to take the test.

■ Under the standard of review of Rule 73.01, the facts on appeal are to be considered as being in accord with the result. *In re Marriage of Fry*, 827 S.W.2d 772, 773 (Mo.App.1992). However, there was utterly no evidence to support the trial court's judgment. Two of the three elements the appellant had to prove were admitted, while on the reasonable grounds element, there was no real contradiction offered to the director's evidence. At most, the testimony of the respondent was that he did not think he was driving erratically prior to his stop by the officer. He did acknowledge that he was "freaking out," and only that he did not "remember" almost having a collision. Moreover, before the test was offered to him, respondent Hedrick acknowledged that he had been drinking, and failed three out of five field sobriety tests. Consequently, even if the respondent's testimony is viewed in its most favorable light, there cannot be said to be a substantial contradiction to the

testimony of the officer, which established the requisite probable cause. The order was not supported by any evidence, and this court reverses with the firm conviction that the judgment was incorrect. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

In *Thurman v. Director of Revenue,* 745 S.W.2d 260, 262 (Mo.App.1988), the appellate court remanded for findings under a similar factual scenario in a reinstatement case. That is unnecessary here, since there was no evidence in this case to defeat any of the elements for which the director bore the burden. *See Aron v. Director of Revenue,* 737 S.W.2d 718, 719–20 (Mo. banc 1987).

The judgment is reversed and remanded for entry of an order sustaining the revocation.

All concur.