**MISSOURI REAL ESTATE COMMISSION** and Administrative Hearing Commission, Defendant/Respondent.

No. 61678.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 17, 1992.

**Tamara DAUS, Respondent,**

v.

**DIRECTOR OF REVENUE** State of Missouri, Appellant.

No. 61979.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 24, 1992.

William L. Webster, Atty. Gen., James A. Chenault, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Brian May, St. Louis, for respondent.

CRIST, Judge.

Respondent Tamara A. Daus (Driver) had her license suspended pursuant to the Motor Vehicle Financial Responsibility Law. On review, the circuit court entered a default judgment against the Director of Revenue (Director) and reversed the suspension. Director appeals from that order. We reverse the default judgment and remand the case.

Driver was involved in a motor vehicle accident on November 21, 1990, and was reported to Director as an uninsured motorist pursuant to § 303.040, RSMo 1986. On January 9, 1991, Director issued a notice of suspension of Driver's driving privileges and vehicle registration pursuant to § 303.041, RSMo 1986. Driver was granted an administrative hearing which confirmed the suspension. Driver filed a petition for review in the Circuit Court of the City of St. Louis, pursuant to § 303.290.2. A petition and summons was served on Director on May 28, 1991. Director filed the administrative record with the court on June 15, 1991.

On March 25, 1992, Driver filed a "Motion for Entry of Default Judgment," asserting that Director had failed to file an answer within 30 days after service of the summons and petition, as required by Rule 55.25. The circuit court granted the motion and ordered Director to refrain from suspending Driver's driving privilege.

■ Director contends it was not required to file responsive pleadings because Rule 55.25 does not apply to administrative proceedings. We agree. Rule 41.01(a)(2) states: "Rule 41 through 101 shall govern the following ... Civil actions pending before a circuit judge...." Rule 100.01 states: "The provisions of sections 536.100 through 536.150, RSMo, shall govern procedure in circuit courts for judicial review of actions of administrative agencies unless the statute governing a particular agency contains different provisions for such review." Thus, Rule 55.25 does not apply to administrative proceedings.

Section 536.110, RSMo 1986 is the general statute governing the procedure for review of administrative decisions and does not require responsive pleadings. Section 303.290(2), RSMo 1986 applies specifically to decisions of the Director of Revenue and prescribes the manner for review of those decisions. It states that review by appeal to the circuit court shall be "in the manner provided by chapter 536...." "When a statute provides a special type of review it is exclusive so as to preclude the use of any other or nonstatutory method." *Gothard v. Spradling*, 586 S.W.2d 443, 445 (Mo.App. 1979).

Director had no duty to file responsive pleadings. *See Johnston v. Director of Revenue*, 762 S.W.2d 444, 448[4] (Mo.App. 1988); *Boyd v. Director of Revenue*, 703 S.W.2d 19, 22[1] (Mo.App.1985) (§ 303.290.2 requires (1) an interested party filing a

petition for review, (2) notice to parties, (3) the prosecutor presenting the administrative record to the circuit court, and (4) the hearing of additional evidence). The default judgment entered against Director is reversed and the case remanded.

AHRENS, P.J., and REINHARD, J. concur.