**Minh NGUYEN, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. 67391.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 30, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney W. Massman, James A. Chenault, III, Sp. Asst. Attys. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Kevin D. Wayman, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Director of Revenue for the State of Missouri ("Director"), appeals from a default judgment entered by the St. Charles County Circuit Court setting aside the one-year revocation of respondent's, Minh Nguyen's ("driver's"), license for refusing to submit to a chemical test. We reverse and remand.

On August 17, 1994, driver was arrested for driving while intoxicated. On that same date, pursuant to RSMo § 577.041 (1994), driver's license was revoked for one year for his refusal to submit to a chemical test of his blood alcohol content. On September 9, driver filed a petition to set aside the revocation (Count I), a request for limited driving privileges (Count II), and an application for a stay order in the circuit court (Count III). Director was served with a summons on September 16. Director filed an affidavit and the administrative record with the circuit court on September 30.

On November 7, 1994, driver filed a motion for default pursuant to Rules 55.25(a)[1] and

---

1. Rule 55.25(a) provides that "[a] defendant shall file an answer within thirty days after the service of the summons and petition...."

74.04(a),[2] on the ground Director filed no responsive pleadings. Driver's motion was called, heard and sustained on November 18. On November 21, the circuit court issued a "Memorandum to Clerk" setting aside the revocation and ordering driver's driving privileges to be reinstated retroactively to August 31, 1994. Director appeals.

■ For her sole point on appeal, Director contends the circuit court erred in entering a default judgment, because petitions for review of administrative actions taken under RSMo § 577.041 do not require responsive pleadings. We agree.

■ Our decision in *Daus v. Director of Revenue,* 840 S.W.2d 892 (Mo.App.E.D.1992), controls here. Rule 55.25 does not apply to administrative proceedings. *Id.* at 893. Further, RSMo § 577.041.4 prescribes the exclusive procedure for review of Director's revocation of a license for the driver's refusal to submit to a breath test, and precludes the use of any other or nonstatutory method. *Gothard v. Spradling,* 586 S.W.2d 443, 445 (Mo.App.S.D. en banc 1979).[3] The prosecuting attorney, as Director's representative before the circuit court, is not required under this statute to file responsive pleadings; the issues are made up by the request for a hearing, and the statute itself provides what the court is to determine. *Id.* at 446. Accordingly, Director had no duty to file responsive pleadings in this case. *Id.; Daus,* 840 S.W.2d at 893.

■ The circuit court erred in entering a default judgment against Director and set-

ting aside the revocation of driver's driving privileges. Director's point is granted.[4] The default judgment against Director is reversed and the cause is remanded for proceedings on driver's petition before the circuit court.

REINHARD, P.J., and CRAHAN, J., concur.

---

2. Rule 74.04(a) concerns the claimant's right to move for a summary judgment, and appears inapplicable here. Driver may have meant to refer to Rule 74.05(a), "Entry of Default Judgment," which states:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, upon proof of damages or entitlement to other relief, a judgment may be entered against the defaulting party.

3. *Gothard* interpreted RSMo § 564.444 (1969), which was repealed and replaced with RSMo § 577.050 (1978), which in turn was repealed and replaced by the current statute. However, the pertinent language in both precursors to the

current statute regarding petitions for judicial review remained substantially the same (although the current statute mandates that the prosecuting attorney appear on behalf of Director, rather than the arresting officer). *See* RSMo § 564.444.2 (repealed); RSMo § 577.050.2 (repealed). Therefore, *Gothard* still applies here.

4. Driver asserts the circuit court's order was interlocutory since it concerned only Count I of driver's petition for review and left Counts II and III unruled upon, thereby barring Director from appealing the order. However, the court's entry of default on Count I setting aside the revocation of driver's license implicitly disposed of the other two counts (limited driving privileges and stay order). Therefore, the order was appealable.