**Delores MINX, Respondent,**

**v.**

**STATE of Missouri DEPARTMENT OF SOCIAL SERVICES, DIVISION OF CHILD SUPPORT ENFORCEMENT, Appellant,**

**Justin Minx, Appellant.**

**Nos. WD 52654, WD 52689.**

Missouri Court of Appeals, Western District.

March 4, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 29, 1997.

Application to Transfer Denied June 17, 1997.

Shelley Thomas–Benke, Division of Social Services, Jefferson City, for appellants.

Edward Berg, Mid-Missouri Legal Services, Columbia, for respondent.

Before HANNA, P.J., and BRECKENRIDGE and ELLIS, JJ.

ELLIS, Judge.

On December 8, 1992, the circuit court of Miller County entered a decree dissolving the marriage between Justin Minx ("Father") and Delores Minx ("Mother"). The court awarded primary physical custody of the couple's five children to Father, holding that "due to the special economic circumstances of the parties, the amount of child support calculated using Form 14 of Rule 88.01 is unjust and inappropriate and the Court finds that ... no child support should be ordered payable" from Mother to Father.

On August 30, 1994, Father applied for child support enforcement services with the Division of Child Support Enforcement ("Division") pursuant to § 454.425 [1] and requested a review and modification of his child support order pursuant to § 454.400.2(13). After reviewing the adequacy of the child support order in accordance with § 454.400.2(13) and finding that Mother should pay $324 per month in child support, the Division administratively filed a Motion for Modification of Child Support pursuant to § 454.496.1 and served that motion on Mother and Father. When neither party objected to the motion or requested an administrative hearing within thirty days, the director of the Division issued a default order granting the relief sought in accordance with § 454.496.2. This order was then transferred to the clerk of the circuit court of Miller County for filing.

On March 14, 1995, Mother filed a "Motion to Set Aside Administrative Order of Support of an Existing Court Order as Void Ab Initio and Unconstitutional or in the Alternative for Judicial Review and Trial De Novo" with the circuit court. The circuit court heard oral argument on Mother's motion on February 16, 1996. During this hearing, the circuit court questioned whether the default order was properly filed without an attorney's signature. The Division argued that an attorney's signature was unnecessary because Rule 55.03 did not apply to the administrative order. On March 15, 1996, the circuit court held that the administrative order was a " 'paper,' if not a pleading, under Supreme Court Rule 55.03." Because it was still not signed by an attorney, the order was stricken for violating Rule 55.03.[2] On appeal, the Division contends the circuit court erred in striking the director's administrative order because Rule 55.03 does not apply to the filing of an administrative order.

Division first asserts that Rule 55.03 does not apply because, pursuant to Rule 41, Rules 41 through 101 govern only "civil actions" pending before a circuit court, court of appeals, or the Missouri Supreme Court and that no "civil action" was commenced until Wife filed her petition for review. A "civil action" is commenced upon the filing of a petition with the court. *Keys v. Nigro,* 913 S.W.2d 947, 949 (Mo.App. W.D.1996); Rule

---

1. All statutory references are to RSMo 1994 unless otherwise noted.

2. Rule 55.03(a) requires that *"[e]very* pleading, motion, and *other paper* shall be signed by at least one attorney of record,"* and any unsigned paper "shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Rule 55.03(a) (emphasis added).

53.01. Division argues that the Director's order was not a petition and that the filing of the order did not create a "civil action." We do not agree.

Under § 454.496.1, after a child support order has been entered by a court, the parent paying support, the person to whom support is owed, or the Division may administratively file a motion to modify the existing child support order. Before such a motion is filed, the director of the Division is required to review the existing order to determine whether modification is appropriate under Rule 88.01 guidelines. § 454.400.2. If the director believes modification is appropriate, a motion setting forth the reasons for the modification must be administratively filed and served on all the parties. § 454.465.1. Once the motion is filed, opposing parties have thirty days either to resolve the matter by stipulation, file written objections, or request a hearing. § 454.496.1. If a hearing is requested, a hearing officer designated by the Department of Social Services conducts a hearing pursuant to § 454.475 and Chapter 536. Where neither objections nor a request for hearing is timely filed, the director is required to enter an order granting modification. § 454.496.2.

This order does not become effective, however, until it is filed with and approved by the court that entered the original support order. § 454.496.6. This provision makes judicial review of the Division's orders a condition precedent to the Division's orders taking effect. *Chastain v. Chastain,* 932 S.W.2d 396, 400 (Mo. banc 1996). After an order is filed, if no petition for judicial review is filed pursuant to §§ 536.100 to 536.140, the court must review the administrative order and approve that order if it complies with the provisions of Supreme Court Rule 88.01. § 454.496.6. If a petition for judicial review is filed, the court must approve the order if the petition for review lacks merit and the administrative order complies with Rule 88.01. § 454.496.7. If the court finds that the administrative order should not be approved, the court must set the matter for trial de novo. § 454.496.7.[3]

Under these provisions, the filing of the Director's order initiates judicial review of that order. § 454.496.6. The issues to be determined by the circuit court are designated by statute. § 454.496.6 and § 454.496.7. By filing the order with the circuit court, the director is effectively petitioning the court to review, adopt, and enforce the order. We find the filing of the director's order with the circuit court institutes a "civil action" under Rule 41.

Division next argues that Rules 41 through 101 do not apply in actions where the circuit court is conducting judicial review of an administrative action. Division cites *Daus v. Director of Revenue,* 840 S.W.2d 892 (Mo.App. E.D.1992), for the proposition that Rules 41 through 101 are wholly inapplicable to judicial review of administrative actions.[4] The holding of *Daus* does not extend that far. *See Woodard v. Director of Revenue,* 876 S.W.2d 810, 815 (Mo.App. S.D.1994). *Daus* addressed whether the Director of Revenue is required under Rule 55.25[5] to file a responsive pleading after a motion for review of a driver's license revocation is filed under § 577.041.4. *Daus* relied on Rule 100.01 which provides that "the provisions of sections 536.100 through 536.150, RSMo, shall govern procedure in circuit courts for the judicial review of actions of administrative agencies unless the statute governing a particular agency contains different provisions for such review." Because the statutory provisions of § 536.110 and § 303.290.2 specifically set out the procedures for the review of the Director of Revenue's decision,[6]

---

**3.** The procedure set out in § 454.496 has been held to be constitutional by the Missouri Supreme Court. *Chastain v. Chastain,* 932 S.W.2d 396, 400 (Mo. banc 1996).

**4.** Under Division's argument, an attorney's signature would not be required on any document filed by any party in cases involving the judicial review of administrative actions.

**5.** Rule 55.25(a) provides that a "defendant shall file an answer within thirty days after the service of the summons and petition."

**6.** "Section § 303.290.2 requires (1) an interested party filing a petition for review, (2) notice to parties, (3) the prosecutor presenting the administrative record to the circuit court, and (4) the hearing of additional evidence." *Daus,* 840 S.W.2d at 893–94.

which did not include the filing of a responsive pleading, those provisions were deemed controlling and Rule 55.25 was rendered inapplicable. *Daus,* 840 S.W.2d at 893.[7] While *Daus* and Rule 100.01 establish that §§ 536.100 through 536.150, or the statute specifically governing a particular agency, take precedence in judicial review of administrative agencies, such proceedings are not immune from other statutes and rules to the extent their provisions are not conflicting. *Woodard,* 876 S.W.2d at 815.

Unlike the situation in *Daus,* there is no conflict between Rule 55.03 and the statutory provisions for the review of the Director's order. Section 454.496.6 requires the Division to file the order with the circuit court. *Chastain,* 932 S.W.2d at 400. Nothing in the language of § 454.496 or §§ 536.100 through 536.140 indicates that the Director should be exempt from normal filing procedures, which include Rule 55.03.[8]

Division also makes some general assertions that there is no specific requirement that the filing of an administrative order be signed by an attorney and that no purpose would be served by such a requirement. Rule 55.03(a) requires that *"[e]very* pleading, motion, and *other paper* shall be signed by at least one attorney of record," and any unsigned paper "shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Rule 55.03(a) (emphasis added). The reasons for this requirement are spelled out in Rule 55.03(b) which provides:

> By presenting or maintaining a claim, defense, demand, objection, contention, or argument in a pleading, motion, or other paper filed with or submitted to the court, an attorney is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that:

> (1) the claim, defense, request, demand, objection, contention, or argument is not presented or maintained for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

> (3) the allegations and other factual contentions have evidentiary support, or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Under the provisions of § 454.496, the Director is allowed to:

> initiate the modification process only if there is a material change in the factual circumstances that formed the basis for the trial court's [support] order. The Division considers a claim that circumstances have changed and that these new facts remove the current level of child support from conformity with Rule 88.01. This is ... an initial assessment of the current compliance of the child support payment levels with Rule 88.01.

*Chastain,* 932 S.W.2d at 400. These provisions call for the Director to make legal conclusions that are then presented to the circuit court for approval. We see no reason to exempt the Director's order from the requirement that it be signed by an attorney. Through his or her signature, an attorney certifies that the order is not presented or maintained for any improper purpose, that

---

7. Furthermore, responsive pleadings would have served no purpose because the "issues are made up by the request for a hearing, and the statute itself provides what the court is to determine." *Nguyen v. Director of Revenue,* 900 S.W.2d 238, 239 (Mo.App. E.D.1995) (citing *Gothard v. Spradling,* 586 S.W.2d 443, 446 (Mo.App. S.D. en banc 1979)).

8. While § 536.130 requires only "proper certification" when an administrative agency is merely supplying the record for judicial review at the request of a party, that provision is inapplicable where, as here, the order functions as a legal petition which initiates review.

the legal contentions therein are warranted by existing law, and that the allegations and other factual contentions have evidentiary support. Rule 55.03(b). The requirement of an attorney's signature thereby serves the primary objective of Rule 55.03, the elimination from the court system of groundless actions. *Mahoney v. Doerhoff Surgical Servs., Inc.,* 807 S.W.2d 503, 508 (Mo. banc 1991).

For the foregoing reasons, we find the trial court did not err in striking the director's order for violating Rule 55.03(a). The judgment is affirmed.

All concur.