Joshua F. SMITH, Respondent,

v.

Charles G. SHAW, Appellant.

No. SC 86292.

Supreme Court of Missouri,
En Banc.

April 12, 2005.

Michael B. White, Kansas City, for appellant.

Andrew J. Gelbach, Warrensburg, John E. Turner, Christopher P. Sweeny, Kansas City, for respondent.

MARY R. RUSSELL, Judge.

Charles G. Shaw ("Motorist") appeals from the judgment entered on the jury's verdict in favor of Joshua Smith ("Passenger") in Passenger's personal injury suit against Motorist arising from an automobile accident. Motorist was the driver of the vehicle that struck the vehicle in which Passenger was riding. Passenger's driver

was insured by Farmers/Mid–Century ("Farmers"), which settled with Passenger before he filed suit against Motorist. Farmers paid Passenger the bodily injury liability limit of $25,000 and the underinsured motorist ("UIM") benefit of $25,000 available under the driver's insurance policy.

A jury trial on Passenger's claims against Motorist resulted in a $200,000 verdict in Passenger's favor. Motorist moved the trial court to credit the verdict by both the $25,000 bodily injury benefits and the $25,000 UIM benefits that Passenger had received from Farmers. The trial court, however, credited only the bodily injury benefits and awarded Passenger actual damages of $175,000 and $41,337.70 in prejudgment interest. Motorist appeals, arguing that the trial court erred in refusing to also credit the judgment for the $25,000 UIM benefits. Motorist also asserts the trial court erred in overruling his motion to amend the judgment to eliminate the award of prejudgment interest. After opinion by the Court of Appeals, Western District, this Court granted transfer. Mo. Const. art. V, sec. 10. This Court finds no error and affirms the judgment of the trial court.[1]

## I. Should the judgment have been credited for the UIM benefits?

Motorist's first point asserts that the trial court erred in refusing to credit the judgment by the $25,000 UIM benefits that Farmers paid Passenger because the UIM benefits did not constitute a collateral source payment in that Passenger did not incur any expense, obligation, or liabili-

ty in securing the Farmers policy under which the UIM benefits were paid.

■ This issue presents an issue of law, and this Court gives de novo review to questions of law. *Delta Air Lines, Inc. v. Dir. of Revenue*, 908 S.W.2d 353, 355 (Mo. banc 1995).

■ The collateral source rule is an exception to the general rule that damages in tort are compensatory only. *Washington ex rel. Washington v. Barnes Hosp.*, 897 S.W.2d 611, 619 (Mo. banc 1995). The collateral source rule prevents a tortfeasor from reducing his liability to an injured person by proving that payments were made to the person from a collateral source. *Id.* The collateral source rule is not a single rule, but is instead a combination of rationales applied to a number of different circumstances to determine whether evidence of mitigation of damages should be precluded from admission. *Id.*

■ The application of the collateral source rule prevents an alleged tortfeasor from attempting to introduce evidence at trial that the plaintiff's damages will be covered, in whole or in part, by the plaintiff's insurance. *Id.* The rule expresses the policy that a "wrongdoer should not benefit from the expenditures made by the injured party in procuring the insurance coverage." *Duckett v. Troester*, 996 S.W.2d 641, 648 (Mo.App.1999).

■ Motorist asserts that the collateral source rule should not be applied to prevent a credit to the judgment in this case because Passenger incurred no expense, obligation, or liability in obtaining the UIM benefits. Motorist's arguments regarding the collateral source rule in this

---

1. Motorist's motion to strike pages A–45 to A–64 of Passenger's appendix and related portions of Passenger's substitute brief is sustained. Because section D of Passenger's first point relies entirely on the stricken portions of the appendix, section 1.D is stricken in its entirety. To the extent that Passenger's other points rely on the stricken appendix pages, those points are modified.

context, however, are irrelevant. The collateral source rule is a rule of *evidence*. Motorist did not attempt to use the collateral source rule to present mitigating evidence during trial relating to the $25,000 UIM benefits. Instead, he raised the collateral source rule in his post-judgment motion for credit against verdict, wherein he argued that the verdict should be reduced to reflect both the bodily injury benefits and the UIM benefits Passenger received from Farmers.

Motorist does not cite any authority for using the collateral source rule to obtain a post-judgment credit against a verdict. As such, the trial court did not err in refusing to credit the verdict for the $25,000 UIM benefits based on Motorist's arguments that they were not from a collateral source.

## II. Should prejudgment interest have been awarded?

Motorist's second point asserts that the trial court erred as a matter of law in overruling his motion to amend the judgment because Passenger was not entitled to an award of prejudgment interest under section 408.040.2, RSMo 2000.[2]

■ Motorist's argument presents issues regarding the interpretation of section 408.040.2 and its application to this case. Interpretation of a statute is a question of law. *Ochoa v. Ochoa,* 71 S.W.3d 593, 595 (Mo. banc 2002). As such, this point warrants de novo review. *See Delta,* 908 S.W.2d at 355.

Section 408.040.2 states:

In tort actions, if a claimant has made a demand for payment of a claim or an offer of settlement of a claim, to the party, parties or their representatives and the amount of the judgment or order exceeds the demand for payment or offer of settlement, prejudgment interest, at the rate specified in subsection 1 of this section, shall be calculated from a date sixty days after the demand or offer was made, or from the date the demand or offer was rejected without counter offer, whichever is earlier. Any such demand or offer shall be made in writing and sent by certified mail and shall be left open for sixty days unless rejected earlier. Nothing contained herein shall limit the right of a claimant, in actions other than tort actions, to recover prejudgment interest as otherwise provided by law or contract.

On July 14, 2000, Passenger's attorney sent a letter by certified mail to Geico Casualty Company, Motorist's insurer, offering to settle Passenger's personal injury claim against Motorist for $25,000 or the per person liability limit of his liability policy, whichever was greater. Geico maintains that it received the letter no earlier than July 21, 2000, or seven days after the offer was mailed. The letter stated that in accordance with section 408.040 the offer to settle would remain open for 60 days from the date of the letter. No settlement was reached or concluded within 60 days of July 14, 2000, or any time thereafter. Eight months after the letter was sent, Passenger filed suit against Motorist. Passenger's petition pled specific facts related to his claim for prejudgment interest under section 408.040, and Motorist's answer did not deny these specific facts, but merely stated: "[Motorist] admits that [Passenger]

---

**2.** At the time Passenger's settlement offer was made the RSMo 1996 version of this statute applied, but there has been no change to the language of the statute. Any further references to this section and any further statutory references are to RSMo 2000 unless otherwise indicated.

sent a certified letter to [Motorist's] insurance company on or about 7/14/00."

## A. Was the offer to settle made in a tort action as required by section 408.040.2?

▮▮▮ Motorist first argues that Passenger is not entitled to an award of prejudgment interest because his offer was not made "in a tort action" as required by section 408.040.2. This Court's primary role in construing statutes is to ascertain the intent of the legislature from the language used in the statute and, if possible, give effect to that intent. *Abrams v. Ohio Pac. Exp.*, 819 S.W.2d 338, 340 (Mo. banc 1991). In determining legislative intent, statutory words and phrases are taken in their ordinary and usual sense. Sec. 1.090; *id.* There is no need for the rules of statutory construction where the words of a statute are plain and offer only one meaning such that no ambiguity exists. *Id.*

Motorist seeks to frame the prejudgment interest issue in this case according to the definition of the word "action" or the phrase "in tort actions." The issue before this Court, however, is not the meaning of these words because the words themselves are not ambiguous. Instead, the application of these words to the statute as a whole is in question. Motorist asks this Court to determine how the phrase "in tort actions" modifies the other language in section 408.040.2.

Motorist argues that the phrase is not merely intended to limit prejudgment interest awards under this section to tort cases, but is also intended to modify the specific requirements for obtaining prejudgment interest under this section. An award of prejudgment interest under section 408.040.2 requires (1) the claimant made a demand for payment or an offer of settlement, and this demand or offer was left open for sixty days; and (2) the amount of the later judgment exceeded the claimant's demand or offer. Sec. 408.040.2; *Anderson v. Shelter Mut. Ins. Co.*, 127 S.W.3d 698, 702 (Mo.App.2004). Motorist argues that "in tort actions" modifies these requirements such that they are triggered only if the demand or offer is made *"during* a tort action" or *"after* a tort action is filed." Motorist claims that Passenger's offer was not made "in a tort action" because his offer letter was sent before Passenger filed an action against Motorist.

This Court has explicitly stated otherwise. In *Lester v. Sayles*, this Court rejected the defendants' argument that section 408.040 failed to "clearly express whether the statute may be triggered by a demand made before the filing of the lawsuit or only by demand made after the filing." 850 S.W.2d 858, 873 (Mo. banc 1993). This Court wrote: "In our view, there is no ambiguity. The statute, by its plain language, requires no more than plaintiff make a 'demand for payment of a claim or an offer of settlement.' By placing no limitation on when the plaintiff may make this offer, the legislature has answered the question." *Id.*

▮▮▮ Motorist alleges that this statement from *Lester* was *obiter dictum* and fails to specifically address the phrase "in tort actions" as used in section 408.040.2. He instead cites the dissenting opinion in *Harrison v. Purdy Brothers Trucking Co., Inc.*, 312 F.3d 346 (8th Cir. 2002), as authority for his position that the statute contemplates suit first being filed before the offer under section 408.040.2 is made. This Court's reasoning in *Lester*, however, is applicable to this case. The transmittal of a certified letter offering to settle a tort claim before the filing of a lawsuit for the alleged tortious conduct referenced in the letter is sufficient to

activate the provisions of section 408.040.2, provided that the necessary requirements of the statute are satisfied. The phrase "in tort actions" is intended to limit the application of section 408.040.2 to tort actions, as opposed to other causes of action. The phrase is a pronouncement that prejudgment interest is available in tort cases only and is not intended to qualify when the offer or demand must be made.

### B. Was the offer to settle left open for 60 days as required by section 408.040.2?

■ Motorist contends that Passenger is further not entitled to an award for prejudgment interest because his settlement offer was not left open for 60 days as required under section 408.040.2. Passenger's letter to Motorist's insurer stated that "[i]n accordance with that statute, this offer to settle is open for sixty (60) days from the date of this letter." Motorist alleges that Geico did not have 60 days to evaluate Passenger's offer because the letter was received seven days after the offer to settle was mailed. He argues that the offer was thereby left open for only 53 days, failing to satisfy the section 408.040.2 60-day requirement and preventing Passenger from collecting prejudgment interest. Passenger responds, however, that Motorist has waived this issue and cannot raise it on appeal because he failed to present any arguments to the trial court suggesting that the offer was not kept open for 60 days. An issue that was never presented to or decided by the trial court is not preserved for appellate review. *State ex rel. Nixon v. American Tobacco Co., Inc.*, 34 S.W.3d 122, 129 (Mo. banc 2000).

■ The trial court found in its judgment that Passenger complied with section 408.040.2, thereby invoking the court's authority to award prejudgment interest.

Motorist filed a motion to amend the judgment by eliminating the award of prejudgment interest for reasons stated in suggestions filed contemporaneously with his motion. His motion to amend did not raise the issue that the settlement offer did not remain open for 60 days. Instead, his suggestions filed in support of his motion to amend stated: "[Passenger] left his offer open for sixty (60) days as set forth in section 408.040.2." Motorist's acknowledgment in his suggestions that Passenger's offer remained open for 60 days waived any claim Motorist now raises as to this issue.

■ Motorist further argues, however, that even if he is raising the 60–day issue for the first time, this Court should afford this issue plain error review. This Court will generally not convict a lower court of error on an issue that was not put before it to decide. *Lincoln Credit Co. v. Peach*, 636 S.W.2d 31, 36 (Mo. banc 1982). The requisite showing to support plain error review is not demonstrated in this case. *See* Rule 84.13(c).

### C. Did the application of section 408.040.2 violate Motorist's due process rights?

■ Motorist finally argues that the trial court erred in overruling his motion to amend the judgment because the trial court's application of section 408.040.2 to award Passenger prejudgment interest violated Motorist's due process rights. Motorist argues his due process rights were violated in that he was given neither a hearing nor an opportunity to contest Passenger's delay in filing his action against Motorist.

This Court noted in *Lester* that section 408.040.2 does not provide for a hearing or other means for contesting a plaintiff's delay in bringing his action. *Lester*, 850 S.W.2d at 873. The issue of the statute's

**836**

failure to provide a hearing was not addressed in *Lester,* however, because the defendant in that case had not alleged delay. *Id.* Similarly, this Court need not address Motorist's constitutional arguments in that at no time before Motorist filed his motion to amend the judgment did he assert that section 408.040.2 was unconstitutional for its failure to provide him a hearing or other means to contest Passenger's delay in bringing this action.

■■ "Constitutional issues are waived unless raised at the earliest possible opportunity consistent with orderly procedure." *Hollis v. Blevins,* 926 S.W.2d 683, 683 (Mo. banc 1996). The record reveals that Motorist did not timely raise this issue before the trial court entered judgment. As such, this argument was waived.

Motorist has failed to show that prejudgment interest should not have been awarded in this case. The trial court did not err in overruling Motorist's motion to amend the judgment to eliminate prejudgment interest.

### III. Conclusion

The judgment of the trial court is affirmed.

WHITE, C.J., WOLFF, STITH, TEITELMAN and LIMBAUGH, JJ., concur.

PRICE, J., not participating.