Randy Neal HUNSUCKER,
Respondent,

v.

Carol Russell FISCHER, Director of
Revenue, State of Missouri,
Appellant.

No. WD 65683.

Missouri Court of Appeals,
Western District.

Nov. 14, 2006.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 19, 2006.

Emily Kalmer, Jefferson City, MO, for appellant.

Erik A. Bergmanis, Camdenton, MO, for respondent.

Before ELLIS, P.J., LOWENSTEIN
and SPINDEN, JJ.

HAROLD L. LOWENSTEIN, J.

Missouri Director of Revenue ("Director") appeals from a judgment restoring driving privileges to Randy N. Hunsucker ("Hunsucker"). Director revoked Hunsucker's driver's license for one year pursuant to Section 577.041 RSMo[1] after Hunsucker refused to submit to a chemical test of his blood alcohol concentration. The trial court ordered the Director to reinstate driving privileges. Affirmed.

Subsequent to refusing a chemical test for blood alcohol concentration after a one-car accident, Hunsucker was informed that his driving privileges would be revoked for one year pursuant to 577.041 RSMo, the Refusal of Chemical Test Statute. Hunsucker filed a timely petition for review in circuit court. Fourteen days later Director filed her answer and subsequently requested a change of judge, which was granted.

On November 23, 2004, Hunsucker served interrogatories, a request for production of documents, and a request for admissions on Director. Director did not respond in any way to the requests until one week prior to the hearing, when she offered to allow Hunsucker to view the documents for one half hour on the date of the hearing. Director did not reply nor object to the interrogatories or the request for admissions.

Before the scheduled hearing, March 17, 2005, the trial court found that Director failed to respond or object to any of the interrogatories or requests for admissions and failed to respond in a timely manner to the document request. Although the Director did ask for a continuance, which was denied, the Director did not seek leave to file answers or objections out of time. The Director did not raise the issue she now asserts on appeal: That the Rules of Civil Procedure do not apply to license revocation hearings. Under Rule 59.01(a), a matter not addressed in a written answer or objection within thirty days of service is deemed admitted. The court ordered that each Request for Admission be deemed admitted. The admissions went to the elements required to be proven under 577.041.[2] The Director did not object.

Upon agreement of the parties, the case was submitted based upon the pleadings and the admissions of the Director. Witnesses were not called; the Director did not make any offer of proof regarding the discovery issue. Based upon the pleadings and admissions, the court ordered Hunsucker's driving privileges reinstated. The Director appealed.

An appellate court will affirm the judgment of the trial court "unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "The trial court is accorded wide discretion even if there is evidence in the record which would support a different result." *Krtek v. Dir. of Revenue*, 975 S.W.2d 468, 471 (Mo. App.1998) (internal citation and quotation marks omitted).

1. All references to statutes are to RSMo 2005 unless otherwise indicated.

2. Under 577.041, the court shall determine: (1) whether the person was arrested; (2) whether the arresting office had reasonable grounds to believe that the person was driving a motor vehicle while intoxicated; and (3) whether the person refused to submit to the test. *Wright v. Dir. of Revenue*, 50 S.W.3d 344, 345 (Mo.App.2001).

■ On appeal, the Director contends that under Section 577.041 RSMo. she is not subject to the discovery rules of the Missouri Rules of Civil Procedure.[3] However, at trial, Director failed to preserve this issue for appeal in any way. Error raised on appeal must be properly preserved at trial. *Drury v. Mo. Pac. R.R. Co.*, 905 S.W.2d 138, 148 (Mo.App.1995). The appellate court will not "convict a lower court of error on an issue that was not put before it to decide." *Smith v. Shaw*, 159 S.W.3d 830, 835 (Mo. banc 2005).

Hunsucker cites the facts of *Ijames v. Director of Revenue* as an example of where a claim on appeal was waived for failure to preserve the error in a license revocation action. 699 S.W.2d 121 (Mo. App.1985). In *Ijames*, the appellant, in this case the driver, failed to object to a wrongful imposition of the burden of proof. *Id.* The court noted that "appellant failed to object to this procedure, thereby failing to preserve any claim of error for review." *Id.*

Here, the Director did not object when the court deemed the request for admissions admitted under Rule 59.01(a)(2) for lack of response. Nor did the Director make any offer of proof in the matter as has been done in previous cases. *See, e.g., Green v. Dir. of Revenue*, 952 S.W.2d 781, 782 (Mo.App.1997). The Director acquiesced to a decision in the case based on the pleadings and admissions. Thus, the issue of whether or not the Director of Revenue is subject to discovery under the Missouri Rules of Civil Procedure is not preserved for appeal, and the Director has waived this issue upon appeal.

■ The Director notes, however, that this court, at its discretion, may re-view for plain error. Courts have repeatedly held that revocation proceedings are administrative and civil. *Hedrick v. Dir. of Revenue*, 839 S.W.2d 300, 301 (Mo. App.1992). Plain error is rarely granted in civil cases. *Smith v. White*, 114 S.W.3d 407, 412 (Mo.App.2003). Moreover, plain error review is appropriate only where "the error affected substantial rights and a manifest injustice or miscarriage of justice resulted therefrom." *Ruzicka v. Ryder Student Transp. Servs., Inc.*, 145 S.W.3d 1, 15 (Mo.App.2004). "Plain error does not mean prejudicial error; 'plain error places a much greater burden on [the party asserting it] than an assertion of prejudicial error [does].'" *City of Kansas City v. Jordan*, 174 S.W.3d 25, 46 (Mo.App.2005) (*quoting Davolt v. Highland*, 119 S.W.3d 118, 135–36 (Mo.App.2003)).

Director's assertion that the Missouri Rules do not apply to license revocation proceedings and that she is not required in any way to comply with discovery requests, here seems disingenuous. *See, e.g., Jackson v. Dir. of Revenue*, 893 S.W.2d 831, 832 (Mo. banc 1995) (noting that interrogatories, requests for admissions, and request for production were all sent to the Director and "later answered by the Director"); *Borchelt v. Dir. of Revenue*, 806 S.W.2d 95, 99 (Mo.App.1991) (noting that an unsupported motion for summary judgment in a license revocation hearing lacked depositions, answers to interrogatories, or admissions). Although the Director argues that she has been prejudiced by the trial court judgment, the claims made on appeal do not rise to a level to merit plain error review, and, accordingly, this court declines to make such a review. To now give the Director another chance to correct her trial decision and strategy in another hearing would be un-

---

**3.** Specifically, Rule 57.01 (interrogatories), Rule 58.01 (production of documents and things), and Rule 59.01 (requests for admissions).

fair. The law stated in *Nguyen v. Director,* 900 S.W.2d 238 (Mo.App. E.D.1995) was, and still is, the law relating to these hearings. The Director here chose a burden she did not have.

At trial, the Director failed to preserve the issue now raised on appeal and has, therefore, waived any claim of error. The judgment of the trial court is affirmed.

ELLIS, PJ., concurs.

SPINDEN, J., dissents in separate dissenting opinion.

PAUL M. SPINDEN, Judge, dissenting.

Because this case involves judicial review of an administrative agency decision, it is an administrative action. *Hedrick v. Director of Revenue,* 839 S.W.2d 300, 301 (Mo.App.1992). As such, Rule 100.01 mandates that the provisions of Section 536.100 through 536.150, RSMo 2000—not the rules of civil procedure—govern the procedures of such actions.

Sections 536.100 through 536.150 do not provide for discovery—certainly not interrogatories and requests for admission. Section 577.041.4, RSMo Supp.2005, provides only for "a hearing" of the "petition for review to contest the license revocation" authorized by Section 577.041.1. Because I deem the circuit court's imposing the rules of civil procedure concerning discovery in a Section 577.041 hearing to be evident, obvious, and clear error, I would grant plain error review under Rule 84.13(c).

Indeed, this court's Eastern District concluded that imposing rules of civil procedure on Section 577.041 actions is clearly erroneous. *Nguyen v. Director of Revenue,* 900 S.W.2d 238, 239 (Mo.App.1995); *Daus v. Director of Revenue,* 840 S.W.2d 892, 893 (Mo.App.1992). In *Nguyen* and *Daus,* the courts ruled that Rule 55.25 did not impose a duty on the director to file a responsive pleading because the rules of civil procedure simply do not apply to actions initiated pursuant to Section 577.041. The *Nguyen* court declared that "Section 577.041.4 prescribes the exclusive procedure for review of Director's revocation of a license for the driver's refusal to submit to a breath test, and precludes the use of any other or nonstatutory method." 900 S.W.2d at 239.

Not only is the circuit court's imposing the rules of civil procedure erroneous because it was an exercise of excessive authority, but it also thwarts a central purpose of the General Assembly's establishing an administrative agency action: to provide a forum in which individuals can resolve their disputes in a less cumbersome and expensive manner than what they encounter in a more traditional civil action. 2 AMERICAN JURISPRUDENCE, *Administrative Law* Section 4 (2d ed.2004). The circuit court's application of rules of discovery to an administrative agency action in this case was a miscarriage of justice.

Seemingly apposite is *Woodard v. Director of Revenue,* 876 S.W.2d 810 (Mo. App.1994), in which this court's Southern District concluded that Section 508.080, RSMo 1986, applied to a Section 577.041 proceeding. This court, however, resolved the seeming conflict in *Minx v. Department of Social Services,* 945 S.W.2d 453, 455–56 (Mo.App.1997), which involved a dispute concerning which documents the circuit court should accept for filing in an administrative agency action. The *Minx* court, while recognizing that Rule 100.01 mandates that Section 536.100 through 536.150 govern such proceedings, still concluded that Rule 55.03 applied to the proceedings because such actions "are not immune from other statutes and rules to the extent their provisions *are not conflicting.*" 945 S.W.2d at 456 (emphasis added).

Indeed, certain minimum, basic procedures governing the manner in which the judiciary conducts its affairs—rules concerning filings, assignment of judges, and the like—must apply, even in administrative agency actions, so the judiciary can operate.

In this case, unlike *Woodard* and *Minx*, the circuit court applied rules that directly conflict with the procedure contemplated by the General Assembly and articulated in Section 577.041. Because administrative law and procedure is purely a creation of statute, authority in an administrative agency action is restricted to that which the General Assembly has granted. *Jenkins v. Director of Revenue*, 858 S.W.2d 257, 260 (Mo.App.1993).

A comparison of Section 577.041 with Section 302.535.1, RSMo Supp.2005, is quite telling. The latter statute, involving judicial review of revocation of driving licenses based on administrative hearings, mandates that the proceeding before the circuit court shall be *de novo* and "shall be conducted pursuant to the Missouri rules of civil procedure[.]" Section 577.041 does not contain any such language. Obviously, the General Assembly did not intend for the rules of civil procedure to apply in actions filed under Section 577.041. In contrast to Section 302.535, the General Assembly granted no authority in Section 577.041 for applying the rules of civil procedure. Nothing in Section 536.100 through 536.150 provides for interrogatories and requests for admissions or any discovery mechanisms.

Hence, the circuit court committed plain error in applying the rules of civil procedure and deeming the director of the De-partment of Revenue to have admitted Randy Hunsucker's requests for admissions.[1] The circuit court's only authority was to conduct a hearing and to render a judgment. By imposing the rules of civil procedure on this action for review of an administrative agency's decision, the circuit court exceeded its authority. Its judgment should be reversed and the case remanded for a proper hearing without imposition of the rules of civil procedure.

---

1. The majority suggests that the director agreed to submit the case on the pleadings *and* the admissions. This is not correct. According to the circuit court's judgment, the director agreed only to submit the case on the pleadings. The circuit court ordered that the admissions contained in the request for admissions be deemed admitted because of the director's failure to respond to the request until the day of hearing.