**Terry E. DECLUE II, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. ED 96647.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 28, 2012.

Chris Koster, John Winston Grantham, Jefferson City, MO, for Appellant.

Mark R. Bahn, McAvoy & Bahn, L.C., Fenton, MO, for Respondent.

ROY L. RICHTER, Judge.

The appellant, Director of Revenue for the State of Missouri ("Director"), appeals from a default judgment entered in favor of Terry E. Declue II ("Driver") setting aside the one-year revocation of Driver's driving privileges for refusing to submit to a chemical test. We reverse and remand.

## I. BACKGROUND

On May 14, 2010, Driver was arrested for driving while intoxicated and was notified by Director that, pursuant to Section 588.041 RSMo Cum.Supp.2009,[1] his driver's license was to be revoked for a period of one year due to his refusal to submit to chemical testing. On June 9, 2010, Driver filed a petition for review to set aside the revocation in the Circuit Court of Ralls County. Following multiple continuances, a hearing was held on Driver's petition for review on September 22, 2010, at which

---

1. All further statutory references are to RSMo Cum.Supp.2009 unless otherwise indicated.

Driver appeared in person and by counsel and Director failed to appear.

Following that hearing, on October 6, the circuit court entered an order finding Director "in default for failing to file a response to [Driver's] Petition for Review" and ordering Director to set aside the revocation and reinstate Driver's license and driving privileges. Six days later, on October 12, Director filed a motion to set aside the default judgment, arguing that notice was never served on the prosecuting attorney of Ralls County and the circuit court was without authority to proceed without the prosecuting attorney. These allegations, Director contended, were sufficient either to render the judgment void pursuant to Rule 74.06(b) or to set aside the default judgment pursuant to Rule 74.05(d).[2] Driver then filed a response, in which he alleged a prosecuting attorney for Ralls County was indeed present at the hearing on the petition for review, and the motion to set aside was set for hearing.

On December 14, 2010, the circuit court heard testimony from both Director and Driver on the motion. Driver continued to maintain that a Ralls County prosecutor was present at the hearing and Director noted that notice of the initial hearing on the petition for review had been forwarded from Director's office to the Prosecuting Attorney of Ralls County.[3] The circuit court subsequently denied the motion to set aside the default judgment and then, on January 18, 2011, reissued its October 6, 2010 order, denominating it as a judgment. This appeal follows.

## II. DISCUSSION

■ Director raises two points on appeal, first claiming the circuit court erred in overruling Director's motion for a new trial under Rule 74.06(b) because the judgment was void in that the prosecuting attorney was not properly served pursuant to Section 577.041.4 and the prosecuting attorney was ultimately not present. Second, Director argues the circuit court erred in overruling Director's motion in that Director could not be found in default for failure to file a response because Director is not required to file an answer. Because we find Director's second point dispositive, we only address that issue.

■ As Director concedes, our review of his second point is for plain error due to Director's failure to raise this argument in its motion to set aside or void the default judgment. Plain error review is discretionary with this Court and is rarely granted in civil cases. Rule 84.13(c); *Davolt v. Highland*, 119 S.W.3d 118, 135 (Mo.App. W.D.2003). "The assertion of plain error places a much greater burden on a defendant than when he asserts prejudicial error." *State v. Louis*, 103 S.W.3d 861, 864 (Mo.App. E.D.2003). First, our examination of the record must facially establish grounds for a belief that a manifest injustice has occurred. *State v. D.W.N.*, 290 S.W.3d 814, 817 (Mo.App. W.D.2009).[4]

---

2. All further rule references are to the Missouri Rules of Civil Procedure (2009).

3. The record is unclear as to whether a prosecuting attorney for Ralls County was actually present at the hearing. The docket sheet makes no mention of the parties in attendance and the circuit court's judgment specifically states that no one appeared on behalf of Director. No record was made of either hearing.

4. Although the present case concerns a civil proceeding, the rules governing plain error in civil and criminal cases are "substantially similar such that cases construing one may be equally applicable to plain error review under the other." *Davolt v. Highland*, 119 S.W.3d 118, 135 n. 14 (Mo.App. W.D.2003).

Then, if facially substantial grounds are found to exist, we will turn to whether a manifest injustice or a miscarriage of justice actually occurred. *Id.* A defendant is entitled to relief for plain error only when the error is outcome determinative. *Deck v. State,* 68 S.W.3d 418, 427 (Mo. banc 2002); *State v. Presberry,* 128 S.W.3d 80, 85 (Mo.App. E.D.2003).

In this case, it is clear that the circuit court plainly erred in entering a default judgment for Driver. The judgment unequivocally states, "[Director] is in default for failing to file a response to [Driver's] Petition for Review." Such a finding is contrary to both the governing statute and the decisions of our courts.

 "Section 577.041.4 prescribes the exclusive procedure for review of Director's revocation of a license for the driver's refusal to submit to a [chemical] test, and precludes the use of any other or nonstatutory method." *Nguyen v. Dir. of Revenue,* 900 S.W.2d 238, 239 (Mo.App. E.D.1995); *accord Greenwood v. Dir. of Revenue,* 5 S.W.3d 604, 606 (Mo.App. E.D. 1999); *Slaughter v. Dir. of Revenue,* 997 S.W.2d 132, 132–33 (Mo.App. S.D.1999); *Daus v. Dir. of Revenue,* 840 S.W.2d 892, 893 (Mo.App. E.D.1992). Following a driver's request for a hearing on his or her petition for review, Section 577.041.4 provides exactly what the court is to determine. *Nguyen,* 900 S.W.2d at 239. Neither Director nor the prosecuting attorney, as Director's representative before the circuit court, is required to file an answer or other responsive pleading. *Nguyen,* 900 S.W.2d at 239; *Slaughter,* 997 S.W.2d at 132–33. Therefore, the circuit court's entry of default judgment on those grounds was a manifest injustice.

The circuit court plainly erred in entering a default judgment against Director and setting aside the revocation of Driver's driving privileges. Director's point is granted.

### III. CONCLUSION

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

CLIFFORD H. AHRENS, P.J. and GARY M. GAERTNER, JR., J., concur.