In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

 DOUGLAS ACOL AND NABILA ACOL, ) No. ED108917
 )
 Appellants, ) Appeal from the Circuit Court of
 ) St. Louis County
 vs. )
 ) Honorable Joseph L. Walsh
 TRAVERS AUTOPLEX & RV, INC., )
 )
 Respondent. ) Filed: October 19, 2021

 Introduction
 Douglas and Nabila Acol (“Appellants”) appeal a jury verdict and award of attorney’s

fees to Travers Autoplex & RV, Inc. (“Respondent”). Appellants allege Respondent failed to

adequately repair their RV and raise three points on appeal. In Point I, Appellants argue the trial

court erred by failing to give a jury instruction for breach of implied warranty. In Point II,

Appellants argue the trial court erred by giving a jury instruction for the economic loss doctrine.

In Point III, Appellants argue the trial court abused its discretion by awarding attorney’s fees to

Respondent.

 We affirm in part and reverse in part.

 Factual and Procedural Background

 Appellants purchased a 2009 Monaco Dynasty RV in 2012. On August 6, 2016, a tire

blew out while Appellants were traveling through Illinois, causing an accident damaging the RV.

Appellants arranged for the RV to be towed to St. Louis Auto & Truck Repair (“St. Louis Auto”)
in St. Louis, Missouri for repairs. After arriving in St. Louis, Appellants discovered the RV was

further damaged during the tow.

 St. Louis Auto partially repaired the RV but determined it could not make all necessary

repairs. On August 10, 2016, St. Louis Auto referred Appellants to Respondent and the RV was

taken to Respondent’s facility. In March 2017, Respondent notified Appellants the RV was

fixed and ready to be picked up. When Appellants inspected the RV, they determined the repairs

were inadequate and refused to take possession. Appellants’ insurance paid $22,976.64 for

repairs related to the accident and the towing company paid $3,996.36 to repair damage caused

by the tow.

 On June 21, 2017, Respondent sent Appellants a letter notifying them the RV was ready

to be picked up and they owed $2,050 for the remaining repair costs and their insurance

deductible. When Appellants refused to pay, Respondent offered to waive the $2,050 bill if

Appellants would take possession of the RV. Appellants rejected the offer and did not pay the

bill or collect the RV.

 On July 26, 2017, Appellants sued Respondent, claiming Respondent (1) violated the

Missouri Merchandising Practices Act (“MMPA”), Mo. Rev. Stat §§ 407.010-.025;1 (2-3)

breached its contract to repair the RV and for bailment; (4) committed conversion by retaining

possession of the RV; (5-7) negligently repaired the RV; (8) breached its repair warranty; (9)

was not entitled to the $2,050 charge; and (10) was liable for punitive damages. Respondent

counterclaimed for unjust enrichment and suit on account, alleging Appellants failed to pay the

agreed-to price for the RV’s repairs.

 Trial was held on February 3-5, 2020. After Appellants rested their case-in-chief, the

trial court granted a directed verdict to Respondent for Appellants’ conversion, punitive

1
 All statutory references are to RSMo (2017), unless otherwise indicated.

 2
damages, and declaratory judgment claims, leaving seven counts outstanding. During the jury

instruction conference, the trial court permitted Appellants to instruct the jury on four claims:

negligent repair, MMPA violations, breach of contract, and breach of bailment. The trial court

rejected Appellants’ proposed breach of warranty instruction because it was “almost a mirror

image” of their breach of contract claim. Appellants’ breach of warranty, general negligence,

and specific negligence claims were not presented to the jury.

 Respondent proposed jury Instruction 12 for the economic loss doctrine as applied to

Appellants’ negligent repair claim. Appellants objected, arguing the economic loss doctrine

applies to the sale of property, not negligent services. The trial court overruled Appellants’

objection and Instruction 12 was submitted to the jury. The jury found for Respondent on

Appellants’ negligent repair, MMPA, breach of contract, and breach of bailment claims. The

jury also found for Respondent on both of Respondent’s counterclaims, awarding Respondent

$8,050 for unpaid bills and attorney’s fees.

 The trial court entered judgment reflecting the jury verdict, without addressing

Appellants’ unsubmitted claims for breach of warranty, general negligence, and specific

negligence. On March 30, 2020, the trial court awarded Respondent $23,750 in attorney’s fees

for prevailing on Appellants’ MMPA claim. Appellants attempted to appeal the jury verdict and

fee award. Respondent moved to dismiss the appeal, arguing the trial court had not yet entered a

final, appealable judgment.

 On November 9, 2020, this Court took the jurisdictional issue with the case, stating: “it

appears [the breach of warranty and negligence counts] remain pending. If so, there is no final,

appealable judgment. An appellate court has jurisdiction only over final judgments that dispose

of all parties and claims in the case and leave nothing for future determination.” (internal

 3
citations omitted). The trial court resolved the jurisdictional issue by amending the judgment on

January 10, 2021. The court stated:

 [D]ue to oversight this Court neglected to formally enter its Directed Verdict on

 the record disposing of Counts 6, 9, and 10 of Plaintiffs’ Third Amended Petition.

 As such, this Amended Judgment—pursuant to Rules 74.01, 75.01 and/or 78.07

 and “Plaintiffs’ Motion to Correct, Amend, Modify or Enter a Final Judgment”

 dated December 4, 2020—is being entered for the purposes of clarifying the

 record and formally disposing of Counts 6, 9 and 10.

 This appeal follows. Additional factual and procedural history will be provided below

as necessary to address Appellants’ claims.

 Standard of Review

 Points I & II: Jury Instructions

 Claims of instructional error are questions of law this Court reviews de novo. Lewellen v.

Universal Underwriters Ins. Co., 574 S.W.3d 251, 274 (Mo. App. W.D. 2019). “The instruction

must be supported by both the evidence presented at trial and the applicable law.” Id. We will

reverse based on instructional error if “the instruction misdirected, misled, or confused the jury

and resulted in prejudice.” Id.

 This Court may review unpreserved arguments for plain error. “Plain error review is

discretionary with this Court and is rarely granted in civil cases.” Declue v. Dir. of Revenue, 361

S.W.3d 465, 467 (Mo. App. E.D. 2012). “Our examination of the record must facially establish

grounds for a belief that a manifest injustice has occurred.” Id. Parties are “entitled to relief for

plain error only when the error is outcome determinative.” Id. at 468.

 4
 Point III: MMPA Attorney’s Fees

 Section 407.025.2 provides trial courts have discretion to award punitive damages,

attorney’s fees, or equitable relief to the prevailing party in MMPA claims. We review

attorney’s fee awards for abuse of discretion. Berry v. Volkswagen Grp. of Am., Inc., 397

S.W.3d 425, 430 (Mo. banc 2013). Abuse of discretion occurs if the trial court’s fee award was

“against the logic of the circumstances” and so “arbitrary and unreasonable as to shock one’s

sense of justice.” Id. at 431.

 Discussion

 Point I: Breach of Implied Warranty Instruction

 At the close of Appellants’ evidence, the trial court entered a one-page handwritten order

granting Respondent’s motion for directed verdict for Appellants’ conversion, punitive damages,

and declaratory judgment claims. The order stated the remaining claims would not be granted a

directed verdict. During the jury instruction conference following the close of evidence, the trial

court rejected Appellants’ request for a breach of implied warranty instruction, stating it was

“almost a mirror image” of Appellants’ breach of contract claim. Appellants argued the

instruction should nevertheless be given to the jury because the defenses to breach of contract

and breach of implied warranty are different. The trial court rejected Appellants’ argument,

stating:

 I’m going to stick with my original position, I’m not going to let you submit on

 the warranty . . . . I think we’re just going to leave it like it is now. I think you’ll

 have an opportunity to argue the same things you’re talking about irrespective of

 whether [the breach of warranty instruction is] submitted or not, so I’m going to

 deny your claim . . . .

 5
 The jury was instructed on Appellants’ counts of negligent repair, MMPA violations,

breach of contract, and breach of bailment contract. The jury returned a verdict for Respondent

on each count. Appellants’ breach of warranty, general negligence, and specific negligence

counts were not formally resolved until the trial court entered its amended judgment on January

10, 2021.

 Appellants challenge the trial court’s failure to give the jury a breach of warranty

instruction. Respondent asserts Appellants’ breach of warranty jury instruction claim is

unpreserved and should be dismissed because the breach of warranty claim was decided by

directed verdict. Respondent argues Appellants should have challenged the directed verdict, not

the jury instructions because Rule 72.01(a)2 provides directed verdicts are “effective without any

assent of the jury.” Respondent reasons Rule 72.01(a) renders challenges to directed verdicts and

proposed jury instructions mutually exclusive because directed verdicts preclude jury

consideration of a matter. Respondent concludes Appellants’ argument would defeat the purpose

of directed verdicts, effectively requiring trial courts to submit instructions to the jury for counts

already decided by the judge.

 We agree with Respondent. Point I is unpreserved and warrants dismissal because the

trial court’s amended judgment disposed of Appellants’ warranty count by directed verdict. See

Rule 72.01(a). To properly preserve this issue for appeal under the amended judgment,

Appellants needed to challenge the directed verdict instead of the jury instructions. Id.

 Neither Appellants’ briefing nor this Court’s research reveal a case standing for the

principle a trial court errs by failing to instruct the jury for a claim decided by directed verdict.

A party on appeal must develop the issue raised in its point relied on and failure to support a

point with relevant legal authority or argument beyond conclusory statements preserves nothing

2
 All Rule references are to the Missouri Supreme Court Rules (2020), unless otherwise indicated.

 6
for appeal. Blanks v. Fluor Corp., 450 S.W.3d 308, 384 (Mo. App. E.D. 2014) (internal citations

omitted). While we acknowledge Appellants may have been confused by the trial court’s failure

to decide their breach of warranty claim in its first, non-final judgment, the court’s amended

judgment disposed of it by directed verdict.

 On this record, we cannot determine whether Appellants’ breach of warranty count and

proposed instruction should have survived the trial court’s directed verdict because Appellants

did not challenge the directed verdict. This Court cannot act as an advocate for the parties and

must carefully safeguard its role as a neutral adjudicator. Carmen v. Olsen, 611 S.W.3d 368, 372

(Mo. App. E.D. 2020).

 In addition to the preservation issues discussed above, Appellants’ brief violates the

Missouri Supreme Court’s briefing rules. While this Court hesitates to dispose of appeals for

Rule 84 violations and sometimes elects to review unpreserved claims ex gratia, we cannot

overlook the deficiencies in briefing and the record. Appellants’ brief does not contain the text

of the proposed instruction as required by Rule 84.04(e) and the proposed instruction is nowhere

in the record.3 This Court strictly enforces and applies Rule 84.04(e), and failure to comply is

fatal. East v. Landmark Cent. Bank & Trust Co., 585 S.W.2d 222 (Mo. App. E.D. 1979); see

also Shuttlewagon, Inc. v. Higgins, 628 S.W.3d 185, 208 (Mo. App. W.D. 2021) (citing Mitchem

v. Gabbert, 31 S.W.3d 538, 541 (Mo. App. S.D. 2000)).

 Appellants’ argument is unpreserved, their briefing violates Rule 84.04(e), and the record

is insufficient for this Court to identify error in the trial court’s ruling.

 Point I is denied.

3
 Rule 84.04(e) provides in relevant part: “If a point relates to the giving, refusal or modification of an instruction,
such instruction shall be set forth in full in the argument portion of the brief.” (emphasis added).

 7
 Point II: Economic Loss Doctrine Instruction

 During the instruction conference, Respondent proposed jury Instruction 12 for the

economic loss doctrine. “The economic loss doctrine prohibits a plaintiff from seeking to

recover in tort for economic losses that are contractual in nature.” Captiva Lake Investments,

LLC v. Ameristructure, Inc., 436 S.W.3d 619, 628 (Mo. App. E.D. 2018). Respondent’s

proposed Instruction 12 provided:

 With respect to [Appellants’] negligence claim, your verdict must be for

 [Respondent] if you believe any one or more of the following:

 First, that [Appellants] are not seeking or entitled to compensation for any

 physical personal injuries that they themselves suffered as a consequence of the

 repair work performed on the Monaco RV; and/or

 Second, that [Appellants] are not seeking or entitled to compensation for damages

 to items of their personal property other than the 2009 Monaco RV; and/or

 Third, that [Appellants] are not seeking or entitled to compensation for the

 destruction of the Monaco RV due to some violent occurrence happening after the

 Monaco RV was delivered to [Respondent] for repair work.

 Appellants objected to the proposed instruction, arguing the economic loss doctrine is

irrelevant to cases involving negligent repair services. Appellants make a different argument on

appeal, claiming the economic loss doctrine does not apply because Respondent’s business

provides “professional” services subject to a heightened standard of care in negligence actions.

Bus. Men’s Assur. Co. of Am. v. Graham, 891 S.W.2d 438, 454 (Mo. App. W.D. 1994).

Appellants’ new argument is unpreserved. We will not “convict a lower court of error on an

issue that was not put before it to decide.” Smith v. Shaw, 159 S.W.3d 830, 835 (Mo. banc

 8
2005). Appellants’ argument is therefore limited to plain error review. Declue, 361 S.W.3d at

467. The plain error standard of review requires Appellants to establish “manifest injustice has

occurred” and the error was “outcome determinative.” Id. at 467-68.

 Nothing in the record suggests the economic loss doctrine instruction caused Appellants

to suffer “manifest injustice.” Id. Appellants did not plead or argue the RV repair industry is

subject to the heightened professional standard of care; their pleadings alleged Respondent owed

them a duty of reasonable care, the standard owed in non-professional negligence claims. Tharp

v. St. Luke’s Surgicenter-Lee’s Summit, LLC, 587 S.W.3d 647, 655 (Mo. banc 2019). While

Appellants cite several cases to show architects and engineers are held to the professional

negligence standard, neither Appellants’ briefing nor this Court’s research reveal a case

establishing the RV repair or similar industry is subject to the heightened professional standard

of care. See Bus. Men’s Assur. Co. of Am., 891 S.W.2d at 454. Because the trial court’s alleged

error did not cause Appellants manifest injustice, we need not consider the “outcome

determinative” prong of the Declue test. The trial court therefore did not plainly err by

instructing the jury on the economic loss doctrine.

 Point II is denied.

 Point III: MMPA Attorney’s Fees

 On March 30, 2020, the trial court awarded Respondent $23,750 in attorney’s fees for

defeating Appellants’ MMPA claim, finding it “vexatious” and “frivolous.” The court’s

judgment made no modifications to Respondent’s proposed findings of fact and conclusions of

law. Instead, it appears the court used a pen to insert the word “judgment” and cross out the

words “Proposed by Defendant Travers Autoplex & RV, Inc.” in the first heading.

 9
 A. Point III was preserved

 Respondent claims Point III was not preserved. We disagree. Appellants briefed their

opposition to Respondent’s post-trial motion for fees and included the issue in their notice of

appeal. Although we will not “convict a lower court of error on an issue that was not put before

it to decide,” the parties’ fee arguments were before the trial court and decided. Smith, 159

S.W.3d at 835. Appellants’ written opposition and notice of appeal satisfies Rule 78.09, which

provides in relevant part: “it is sufficient that a party, at the time the ruling or order of the court

is made or sought, makes known to the court the action that the party desires the court to

take . . . .”

 B. Analysis

 Appellants argue the trial court abused its discretion to award fees because it rubber-

stamped Respondent’s “self-serving” findings of fact and conclusions of law. Appellants note

this Court “[does] not condone such draftsmanship by a trial court, and strongly encourage[s] all

trial courts to avoid such a practice.” Arcese v. Daniel Schmitt & Co., 504 S.W.3d 772, 778 n.7

(Mo. App. E.D. 2016) (citing State v. Griffin, 848 S.W.2d 464 (Mo. banc 1993)).

 Next, Appellants argue the court’s vexatious and frivolous findings contradict its earlier

rulings. Appellants emphasize their MMPA argument survived summary judgment and the trial

court’s directed verdict, concluding it would never have reached the jury were it truly

unreasonable, vexatious, and frivolous. Specifically, Appellants argue Respondent’s

representations about (1) its status as an authorized repair center; (2) the time it would take to

repair the RV; (3) the availability of a warranty for the repairs; (4) the status of the repairs; (5)

limits on the cost of the repairs; and (6) Respondent’s billing and invoicing practices established

a good-faith basis for an MMPA claim.

 10
 Respondent argues nothing in the record suggests the trial court abused its discretion by

awarding fees. Respondent notes the findings of fact and conclusions of law stated Appellants

violated Rule 55.03(c)4 by failing to plead facts establishing Respondent caused them to suffer

an “ascertainable loss of money or property.” Respondent next asserts Appellants improperly

pled their ascertainable loss of money or property allegations as facts with evidentiary support,

not as facts “likely to have evidentiary support” after further investigation. Finally, Respondent

argues Appellants stood by their claims after failing to produce evidence supporting them.

 “The MMPA is paternalistic legislation designed to protect those that could not otherwise

protect themselves.” Berry, 397 S.W.3d at 433. “Trial courts shall sparingly assess attorney fees

against plaintiffs and only when the defendant demonstrates the plaintiff has pursued vexatious

and frivolous claims that would warrant dismissal of the claims and imposition of sanctions

pursuant to Rule 55.03.” Mitchell v. J&M Sec., LLC, 590 S.W.3d 853, 865 (Mo. App. E.D.

2020). “Attorney fees are authorized by the MMPA for prevailing defendants, but awarding

them ‘shall be the extremely rare exception, rather than the rule.’” Id. at 864 (quoting Arcese,

504 S.W.3d at 789-90).

 “While verbatim adoption of a party’s proposed findings and judgment is not erroneous

per se, it is unwise in a contested case and this Court and the Supreme Court of Missouri have

repeatedly warned against it.” Tribus, LLC v. Greater Metro, Inc., 589 S.W.3d 679, 699 (Mo.

App. E.D. 2019). “Even the most conscientious advocate cannot reasonably be expected to

prepare a document which would reflect precisely the trial court’s view of the evidence.” Id.

(internal citations omitted). “Once parties have had their ‘day in court’ they are also entitled to

4
 Rule 55.03(c) provides pleadings (1) may not be brought for improper purposes, such as to harass or cause delay;
(2) must be supported by existing law or nonfrivolous arguments for changing the law; and (3) must have
evidentiary support or “if specifically so identified, are likely to have evidentiary support after a reasonable
opportunity for further investigation or discovery.”

 11
their ‘day’ in the court’s chambers such that the court’s judgment is not an advocate’s view of

the evidence.” Id.

 We disagree with Respondent’s characterization of the record and are concerned the fee

award reflects “[Respondent’s] view of the evidence,” rather than the trial court’s. See id. The

trial court’s statements during the directed verdict hearing contradict the court’s Respondent-

provided findings of fact and conclusions of law. For example, the court found Appellants’

MMPA claim sufficiently meritorious to deny Respondent’s motion for directed verdict “on all

the grounds,” then reversed course and not only found it meritless, but sanctionable under Rule

55.03.

 When determining whether a plaintiff’s claim is without foundation, a trial court must not

engage in post hoc reasoning, concluding the action was unreasonable or lacked foundation

because the plaintiff did not prevail at trial. Willard v. Raga, 290 S.W.3d 768, 772 (Mo. App.

E.D. 2009). Appellants’ MMPA claim survived summary judgment and directed verdict,

meaning the trial court determined it (1) established a genuine issue of material fact and (2) was

supported by substantial evidence from which a reasonable jury could find in Appellants’ favor

on each element required by the verdict director. Id. Thus, the trial court’s rulings on

Respondent’s motions for summary judgment and directed verdict contradict a finding of

frivolousness.

 Given (1) the high bar defendants face before they may recover fees in MMPA claims;

(2) the trial court adopted Respondent’s proposed findings wholesale, ignoring this Court’s

warning not to “rubber stamp” parties’ proposed findings of fact and conclusions of law; and (3)

the trial court’s inconsistent position regarding the merit of Appellants’ MMPA claim, this case

is not an “extremely rare exception” justifying a fee award to Respondent. See Mitchell, 590

 12
S.W.3d at 864-65. The court’s fee award was therefore against the logic of the circumstances

and must be reversed. Berry, 397 S.W.3d at 430.

 Point III is granted.

 Conclusion

 The trial court’s judgment is affirmed except its award of MMPA attorney’s fees,

which is reversed.

 _______________________________
 Philip M. Hess, Presiding Judge

Angela T. Quigless, Judge and
Colleen Dolan, Judge concur.

 13