

# Missouri Court of Appeals
## Southern District

### In Division

IN THE INTEREST OF: )
W.B.H.B., a minor child under seventeen )
years of age. )
)
GREENE COUNTY JUVENILE OFFICE, )
)
        Petitioner-Respondent, )
)
v. )    No. SD37825
)    Filed: **May 4, 2023**
W.J.B., )
)
        Respondent-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Circuit Judge

**<u>AFFIRMED</u>**

     W.J.B. ("Father") appeals the trial court judgment terminating his parental rights in, to, and over W.B.H.B. ("Child") based on neglect under Section 211.447.5(2) and failure to rectify under Section 211.447.5(3).[1]  The trial court further found termination of Father's rights to be in Child's best interest.

---

[1] Unless otherwise noted, all statutory references are to RSMo Cum. Supp. 2020, and all rule references are to Missouri Court Rules (2022).  The statute in effect on the termination petition filing date applies in determining the parties' substantive rights.  ***In the Interest of D.L.P.***, 638 S.W.3d 82, 88 n.1 (Mo.App. 2021).  There is no dispute in this case concerning the applicable statute.

Father asserts a single point of error, claiming the trial court plainly erred in terminating Father's parental rights without following Section 211.455 in that the trial court admitted into evidence and relied on supplemental reports without the trial court having ordered those reports prepared. Finding no plain error, we affirm the judgment of the trial court.

**Factual Background and Procedural History**

Father does not challenge the two grounds for termination found by the trial court or the finding that the termination is in Child's best interests. Therefore, we do not recite the evidence supporting those findings. Section 211.455.3 provides in part:

> 3. The court shall order an investigation and social study except in cases filed under section 211.444. The investigation and social study shall be made by the juvenile officer, the state children's division or a public or private agency authorized or licensed to care for children or any other competent person, as directed by the court, and a written report shall be made to the court to aid the court in determining whether the termination is in the best interests of the child . . . . Parties and attorneys or guardians ad litem or volunteer advocates representing them before the court shall have access to the written report. All ordered evaluations and reports shall be made available to the parties and attorneys or guardians ad litem or volunteer advocates representing them before the court at least fifteen days prior to any dispositional hearing.

The parties agree the case was not filed under Section 211.444. The parties further agree the trial court ordered the investigation and social study as required by Section 211.455.3. The termination petition was filed on September 30, 2021. The trial court ordered the investigation and social study on October 21, 2021. The first written report (Exhibit 24) is dated November 19, 2021 and was provided to the trial court and all other interested parties within the time limits set out in Section 211.455.3. The first (Exhibit 25) and second (Exhibit 26) addendums, dated June 6, 2022 and August 29, 2022 respectively, were provided to the trial court and all other interested parties within the time limits set out in Section 211.455.3. Father asserts the trial court

2

did not follow Section 211.455.3 in receiving into evidence the first and second addendums (Exhibits 25 and 26) without having ordered either addendum prepared.

## Standard of Review

"We presume that the judgment of the circuit court is correct, and we must affirm it unless the appellant demonstrates that the judgment is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law." *In the Interest of S.C.A.*, 648 S.W.3d 911, 912 (Mo.App. 2022) (internal citations omitted).

Father acknowledges he did not object to the admission of Exhibits 25 or 26 or otherwise raise any complaint before the trial court concerning alleged lack of compliance with Section 211.455.3 and requests plain error review. Under Rule 84.13(c), "[p]lain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." "Plain error review, however, rarely is granted in civil cases." *In the Interest of J.C.S.*, 658 S.W.3d 260, 265 (Mo.App. 2023) (quoting *Mayes v. Saint Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 269 (Mo. banc 2014)). *See also Terpstra v. State*, 565 S.W.3d 229, 248 (Mo.App. 2019) ("Reversal for plain error in civil cases is rare and is only appropriate 'when the injustice of the error is so egregious as to weaken the very foundation of the process and seriously undermine confidence in the outcome of the case.'") (quoting *Riggs v. State*, 473 S.W.3d 177, 186 (Mo.App. 2015)). "Plain error is not a doctrine available to revive issues already abandoned…by oversight." *In the Interest of S.E.*, 527 S.W.3d 894, 902 (Mo.App. 2017) (quoting *In re S.R.J., Jr.*, 250 S.W.3d 402, 405 n.2 (Mo.App. 2008)).

**Analysis**

In ***State v. Brandolese***, 601 S.W.3d 519 (Mo. banc 2020), the Supreme Court of Missouri made clear that "all errors—whether statutory, constitutional, structural, or based in some other source—are subject to the same treatment under this Court's plain error framework." ***Id.*** at 529 (citing ***State v. Howard***, 540 S.W.2d 86, 87-88 (Mo. banc 1976)). "Rule 30.20 is the exclusive means by which an appellant can seek review of ***any*** unpreserved claim of error and said claim— no matter if it is statutory, constitutional, structural, or of some other origin—is evaluated by this Court's plain error framework without exception" ***Id.*** at 530. "Under plain error review, the defendant still bears the burden of establishing manifest injustice[.]" ***Id.*** Although ***Brandolese*** involved an allegation of plain error under Rule 30.20 in a criminal case, "Rules 30.20 and 84.13(c) 'are substantially similar such that cases construing one may be equally applicable to plain error review under the other.'" ***State v. McAfee***, 462 S.W.3d 818, 822 n.2 (Mo.App. 2015) (quoting ***Declue v. Dir. of Revenue***, 361 S.W.3d 465, 467 n.4 (Mo.App. 2012)). Indeed, the relevant language is identical in Rules 30.20 and 84.13(c): "[P]lain errors affecting substantial rights may be considered. . . in the discretion of the court. . .when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

The Supreme Court of Missouri's plain error review analysis in ***Brandolese*** applies with equal weight here, in the context of a civil case requesting plain error review. Under the ***Brandolese*** framework, Father bears the burden of establishing manifest injustice. Father has not met his burden where he has not established or even alleged manifest injustice or miscarriage of justice.[2] Father alleges no error related to the substance of the exhibits he claims were not

---

[2] Father acknowledges the trial court complied with the requirement of Section 211.455.3 that the trial court "shall order an investigation and social study except in cases filed under section 211.444" when the trial court ordered the investigation and social study in October 2021. "Failure to strictly comply with [S]ection 211.455 is reversible error." ***In re C.W.***, 211 S.W.3d 93, 98 (Mo. banc 2007), *abrogated on other grounds by **In re B.H.**,* 348 S.W.3d

4

ordered by the trial court, Exhibits 25 and 26. In fact, Father does not challenge the two grounds for termination found by the trial court or the finding that the termination is in Child's best interests, so it is unclear what if anything Father believes a new trial would achieve. ***Brandolese*** does not provide for plain error review absent a showing by the party seeking plain error review of manifest injustice or miscarriage of justice from the claimed plain error.

## Conclusion

The judgment is affirmed.


GINGER K. GOOCH, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

DON E. BURRELL, J. – CONCURS

---

770, 776-77 (Mo. banc 2011). But Father argues the addendums to the social study also had to be court-ordered. Father asserts Rule 118.01, although not applicable to this case, is evidence that *any* reports under Section 211.455.3 must be pursuant to court order as Rule 118.01(d) provides: "The court may at any time order that a supplemental social study be made." We note that neither Section 211.455.3 nor Rule 118.01(d) *requires* that any supplemental report must be pursuant to court order. We further note that this Court previously found no plain error where an appellant alleged lack of compliance with Section 211.455 on the ground that the required investigation and social study were not performed where a study performed in connection with a prior termination proceeding that had been dismissed was utilized in the current termination proceeding with "additional information [] added to the report after the initial report had been prepared. The combination of the historical information with the new information met the statutory requirements of [S]ection 211.455." ***In re B.M.O.***, 310 S.W.3d 281, 289 (Mo.App. 2010).