

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

MIDWEST NEUROSURGEONS, LLC,　　)　　　No. ED111932
ET AL.,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs/Appellants,　　　　)　　　Appeal from the Circuit Court
　　　　　　　　　　　　　　　　　　)　　　of Cape Girardeau County
v.　　　　　　　　　　　　　　　　　)　　　Cause No. 22CG-AC00544-01
　　　　　　　　　　　　　　　　　　)
APRIL M. CAIN,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　　Honorable Julia M. Koester
　　　　　　　　　　　　　　　　　　)
　　　　Defendant/Respondent.　　　　)　　　Filed: July 2, 2024

### Introduction

Midwest Neurosurgeons, LLC, Midwest Surgery Center, and Southeast Missouri Anesthesia Services, LLC (collectively, "Appellants") appeal the trial court's judgment in favor of April Cain following a bench trial in this action for breach of contract, suit on account, and unjust enrichment. Appellants raise three points. First, Appellants argue the trial court erred in excluding the notarized affidavit and attached business records that were filed with the petition, because they were filed with the petition and admissible under RSMo § 490.692.[1] Second, Appellants argue the trial court erred in excluding Exhibits 1, 2, 3, and 4 on hearsay grounds.

---

[1] Unless otherwise indicated, all statutory references are to RSMo (2000) as amended.

1

Third, Appellants argue the trial court erred in excluding Exhibits 3 and 4 pursuant to the best evidence rule. We affirm the judgment of the trial court.

## Factual and Procedural Background

### Facts

April Cain received medical care from Appellants in June 2014. Prior to receiving medical care, Cain was required to sign a document entitled "Financial Agreement, Assignment of Benefits, and Release of Records." The financial agreement obligated Cain to pay for the services she received. Also, Cain purportedly signed a form instructing her insurance to pay Appellants directly. Following Cain's treatment, Appellants billed Cain's insurance for the services rendered. After insurance, Cain still owed Appellants $35,514.73. Appellants alleged Cain did not pay the outstanding balance.

### Procedural History

In September 2021, Midwest Neurosurgeons filed an action for breach of contract, suit on account, and unjust enrichment against Cain to collect the outstanding debt. The case proceeded to a bench trial.

Immediately before trial, Appellants informed the trial court that they had asked Cain to stipulate to the admission of Appellant's Exhibit 1, which purported to be a business records affidavit and attached business records. Cain refused to stipulate to the admission of Exhibit 1.

At trial, Appellants presented one witness, E.S. E.S. worked on patient accounts for Midwest Medical, which is not one of Appellants here, though Midwest Medical "includes" Appellant Midwest Neurosurgeons. E.S. had worked for Midwest Medical for approximately one year, where she worked on patient collections. E.S. was not directly involved with patient intake, but was aware of the procedures used in the intake process.

2

During E.S.'s testimony about the intake procedures and paperwork involved, Appellants' counsel handed E.S. Exhibit 1, a one-page business records affidavit. On the affidavit, the printed name of the party was scratched out and the name "April Cain" was handwritten above the scratched-out name. E.S. testified that D.S., whose name also appeared on the affidavit, was the custodian of records for Midwest Neurosurgeons, and E.S. knew who D.S. was. With that, Appellants offered Exhibit 1 into evidence. Cain objected on hearsay grounds. The trial court sustained the objection and excluded Exhibit 1 from evidence.

Appellants' counsel then handed E.S. Exhibit 2, entitled "Financial Agreement, Assignment of Benefits, and Release of Records." E.S. testified that Exhibit 2 was the form typically used for intake. When Appellants' counsel attempted to ask E.S. if patients filled out this form, Cain objected that E.S. would not have knowledge of Midwest's 2014 intake practices. Cain also objected on best evidence grounds because Cain disputed the contents of the writing. The trial court did not immediately rule on Cain's objection and allowed Appellants to attempt to lay additional foundation. Appellants elicited that the form Cain purportedly signed is similar to the one Midwest Neurosurgeons used during E.S.'s employment. Appellants again offered Exhibit 2 into evidence, and Cain maintained her hearsay and best evidence objections. The trial court sustained the hearsay objection and excluded Exhibit 2 from evidence.

Appellants' counsel then handed E.S. Exhibit 3, an insurance responsibility form. After discussing patient intake procedures and insurance broadly, E.S. observed that Cain purportedly signed the document. E.S. testified that, as a part of the patient intake process, a patient and an employee of Midwest Neurosurgeons would discuss insurance information and billing. Further, E.S. testified that an employee of Midwest Medical would witness the signing of the document.

3

Appellants offered Exhibit 3 into evidence. Cain objected on hearsay and best evidence grounds. The trial court sustained the objections and excluded Exhibit 3 from evidence.

E.S. then testified that Midwest kept all of its intake records electronically, but did not elaborate. Appellants' counsel handed E.S. Exhibit 4, which E.S. identified as Cain's personal medical history. E.S. testified that Exhibit 4 was similar to the forms currently used by Midwest Neurosurgeons, the form would be presented to the patient as part of the intake packet, and a patient would sign the form before receiving care. E.S. answered a few questions about Cain's delinquent account and the services she received. Appellants then offered Exhibit 4 into evidence. Cain objected on hearsay and best evidence grounds. The trial court sustained the objections and excluded Exhibit 4 from evidence.

After E.S.'s testimony, Appellants presented no further evidence and rested their case. The trial court rendered judgment in favor of Cain for "insufficient evidence to support the allegations contained in all three counts of Plaintiffs' petition." Additionally, the court found that Counts 1 and 2, the breach of contract and suit on account claims, were barred by the five-year statute of limitations. Appellants now appeal.

## Discussion

Appellants raise three points on appeal. First, Appellants argue the trial court erred in excluding the notarized affidavit, Exhibit 1, and attached business records that were filed with the petition, because the affidavit and business records were filed with the petition and admissible under RSMo § 490.692. Second, Appellants argue the trial court erred in excluding Exhibits 1, 2, 3, and 4 on hearsay grounds. Third, Appellants argue the trial court erred in excluding Exhibits 3 and 4 on best evidence grounds.

*Preservation*

4

Cain argues Appellants failed to preserve all three points on appeal because Appellants failed to make an offer of proof following Cain's objections to, and the trial court's exclusion of, Exhibits 1, 2, 3, and 4.

"To preserve a claim of improperly excluded evidence, the proponent must attempt to present the excluded evidence at trial and, if it remains excluded, make a sufficient offer of proof." *State v. Karim*, 685 S.W.3d 658, 662 (Mo. App. W.D. 2024) (quoting *State v. Hunt*, 451 S.W.3d 251, 263 (Mo. banc 2014)). "The purpose of an offer of proof is to preserve the evidence so the appellate court understands the scope and effect of the questions and proposed answers." *Id.* "Offers of proof must show what the evidence will be, the purpose and object of the evidence, and each fact essential to establishing admissibility." *Id.*

Appellants offered Exhibits 1, 2, 3, and 4 into evidence. Each time, the trial court sustained Cain's objections to the admission of the evidence and did not admit the evidence. Following the exclusion of each exhibit, Appellants failed to make an offer of proof. Thus, as Appellants' counsel conceded during oral argument, Appellants did not preserve their three points on appeal, and we may review only for plain error. *See Denney v. Syberg's Westport, Inc.*, 665 S.W.3d 348, 355 (Mo. App. E.D. 2023).

*Standard of Review*

"Plain error review is discretionary with this Court and is rarely granted in civil cases." *Acol v. Travers Autoplex & RV, Inc.*, 637 S.W.3d 415, 419 (Mo. App. E.D. 2021) (*quoting Declue v. Dir. of Revenue*, 361 S.W.3d 465, 467 (Mo. App. E.D. 2012)). "Our examination of the record must facially establish grounds for a belief that a manifest injustice has occurred." *Id.* "Parties are entitled to relief for plain error only when the error is outcome determinative." *Id.* (quoting *Declue*, 361 S.W.3d at 468).

5

## Point I

In their first point, Appellants argue the trial court erred in excluding the notarized affidavit and attached business records that were filed with the petition, because the affidavit and business records were filed with the petition and admissible under RSMo § 490.692.

Section 490.680 sets out the requirements for the business records exception to the hearsay rule:

> A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

Section 490.692 further provides that business records may be admissible "upon the affidavit of the person who would otherwise provide the prerequisites of sections 490.660 to 490.690, [and] that the records attached to the affidavit were kept as required by section 490.680." Thus, Section 490.692 "allows the custodian or other qualified witness to establish the requisite foundation for admission of the records by affidavit rather than by testifying at trial." *Dickerson v. Dir. of Revenue*, 957 S.W.2d 478, 480 (Mo. App. E.D. 1997).

At trial, Appellants offered Exhibit 1, a business records affidavit without any attached business records. They argue on appeal that the affidavit "substantially complied" with the form and content requirements of Section 490.692.

In response, Cain argues a trial court maintains discretion to exclude evidence that is not trustworthy even if the business records affidavit otherwise meets the technical requirements of Sections 490.680 and 490.692. Cain reasons that this business records affidavit lacks trustworthiness because the printed name of the party was scratched out and "April Cain" was

handwritten above the scratched-out name. Further, Cain points out that the custodian of records identified on the affidavit worked for an entity other than Midwest Neurosurgeons.

Though business records may otherwise comply with the requirements of Section 490.680, and the business records affidavit with Section 490.692, "the bottom line regarding the admissibility of the business records is the discretionary determination by the trial court of their trustworthiness." *C & W Asset Acquisition, LLC v. Somogyi*, 136 S.W.3d 134, 138 (Mo. App. S.D. 2004). Put another way, "the ultimate determination is whether in the opinion of the trial court the sources of the documents justify [their] admission." *Id.* at 139.

Here, the printed name in the business records affidavit was scratched out and April Cain's handwritten name was substituted, without explanation. Also, when offered, Exhibit 1 consisted of only the business records affidavit, without any attached business records. For business records to be admitted into evidence pursuant to Section 490.692, they must be attached to the affidavit. Technically speaking, because Exhibit 1 consisted of only the affidavit and no attached business records, Appellants could not lay a proper foundation for Exhibit 1 under Sections 490.680 and 490.692. *See Fed. Nat. Mortg. Ass'n v. Bostwick,* 414 S.W.3d 521, 528 (Mo. App. W.D. 2013) (finding a record created for litigation is not a business record). Nor is there any record of Exhibit 1's mode of preparation, that it was made during the regular course of business, or that it was made at or near the time of the act, as required by Section 490.680.

For all of these reasons, the trial court's exclusion of Exhibit 1 does not facially demonstrate manifest injustice or outcome determinative error. *See Acol,* 637 S.W.3d at 419. We therefore decline to review for plain error.

Point I is denied.

## Point II

7

In their second point, Appellants argue the trial court erred in excluding Exhibits 1, 2, 3, and 4 on hearsay grounds.[2]

*Analysis*

Appellants argue Exhibits 1, 2, 3, and 4 were admissible pursuant to the business records exception to the hearsay rule. Appellants reason that E.S.'s testimony established the requisite foundation for the admission of the business records.

In response, Cain argues Appellants failed to meet the foundation requirements because E.S. had no personal knowledge of the exhibits and was not a witness to their execution. Cain further agues the "witness proffered by Appellants appears to have been a collection agent for an entity associated with the Appellants and not someone who directly controlled or produced the documents from any business records file."

We observe that E.S. did not sufficiently testify to the mode of preparation of Exhibits 1, 2, 3, and 4, that they were made during the regular course of business, or that they were made at or near the time of the act. In sum, Appellants failed to lay the proper foundation for the admission of Exhibits 1, 2, 3, and 4 as business records under Section 490.680.

Appellants cannot show manifest injustice or outcome determinative error from the trial court's exclusion of Exhibits 1, 2, 3, and 4. *See Acol,* 637 S.W.3d at 419. We decline to review for plain error.

Point II is denied.

---

[2] This point is multifarious in violation of Rule 84.04(d) since it "groups together multiple, independent claims rather than a single claim of error." *Barbieri v. Barbieri*, 633 S.W.3d 419, 432 (Mo. App. E.D. 2021). "Generally, multifarious claims of error preserve nothing for appeal and are subject to dismissal." *Id.* Although we may decline to review a multifarious point, we have chosen to review this point *ex gratia* because it is readily understood. *Cedar Cnty. Comm'n v. Governor Michael Parson*, 661 S.W.3d 766, 772 (Mo. banc 2023).

<u>Point III</u>

In their third and final point, Appellants argue the trial court erred in excluding Exhibits 3 and 4 on best evidence grounds.[3]

Appellants argue Exhibits 3 and 4 were admissible because the records may not be excluded solely because they are in electronic form under the Uniform Electronic Transactions Act. Appellants reason the trial court improperly excluded Exhibits 3 and 4 under the Uniform Electronic Transactions Act because the exhibits were photocopies of the electronic file.

Cain argues the Uniform Electronic Transactions Act does not apply because there was no evidence adduced that both parties agreed to conduct the transactions by electronic means. Further, Cain points to E.S.'s testimony suggesting that Cain did not agree to conduct the transaction solely through electronic means.

Section 432.220 provides that the Uniform Electronic Transactions Act applies "only to transactions between parties each of which has agreed to conduct transactions by electronic means." Section 432.220.2. "Whether the parties agree to conduct a transaction by electronic means is determined from the context and surrounding circumstances, including the parties' conduct." *Id.* Our review of the record reveals no evidence that Appellants and Cain agreed to conduct their transactions through electronic means, rendering the Uniform Electronic Transactions Act inapt.

Thus, Appellants were required to demonstrate that the best evidence rule was satisfied to overcome Cain's objection to Exhibits 3 and 4. Cain argues that the contents of Exhibits 3 and 4 were in dispute, and Appellants were required to present the original documents in court.

---

[3] Similar to Point II, this point is multifarious. *See Barbieri*, 633 S.W.3d at 432. We nonetheless choose to review the point *ex gratia*. *See Cedar Cnty. Comm'n*, 661 S.W.3d at 772.

9

The best evidence rule applies only when the evidence is offered to prove the terms or contents of a writing. *Cooley v. Dir. of Revenue*, 896 S.W.2d 468, 470 (Mo. banc 1995). "The principal reason for the rule is the danger of mistransmission of the contents of a writing when evidence other than the writing itself is offered for the purpose of proving its terms." *Id.* To satisfy the rule, "the terms of a document must be proved by production of the original document." *State v. Ellis*, 637 S.W.3d 338, 353 (Mo. App. W.D. 2021) (quoting *Boroughf v. Bank of Am., N.A.*, 159 S.W.3d 498, 503 (Mo. App. S.D. 2005)). "A copy reproduced by a photographic duplicating process is not admissible under the best evidence rule." *Id.*

Throughout the litigation, and at trial, Cain disputed that she executed or signed Exhibits 3 and 4. Thus, Cain placed into dispute the contents of the writing, primarily the signature purporting to legally bind her. *See Boroughf*, 159 S.W.3d at 504. Appellants conceded at trial that they did not have the original documents allegedly executed by Cain. Having failed to produce the original documents, Appellants did not satisfy the best evidence rule. *Ellis*, 637 S.W.3d at 353.

Appellants do not demonstrate manifest injustice or outcome determinative error. *See Acol*, 637 S.W.3d at 419. We decline to review for plain error.

Point III is denied.

### Conclusion

For the foregoing reasons, we affirm the judgment of the trial court.

_____
Cristian M. Stevens, J.


Robert M. Clayton III, P.J., and
Philip M. Hess, J., concur.

10